## McMurray's Heirs *versus* The City of Erie.

1. A court in opening a judgment has power to impose terms.

2. On the trial of an issue the court should confine the evidence to it; the opposite party would not be expected to meet any other.

3. An Act of Assembly authorized the councils of Erie after the performance of certain requisites, to pave sidewalks, &c., and enter judgments against the lot-owners for the amount. *Held*, it was not necessary that either the evidence of the requisites or the averment of their performance, should form a part of the judgment itself.

4. The presumption must be that all things necessary were regularly done.

5. In general error in fact as well as in law may be assigned.

6. Error in fact and error in law cannot be assigned together, because they are distinct and require different trials.

October 23d 1869. Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Erie county* : No. 18, to October and November Term 1868.

The proceedings originated in the court below by the entry of a claim by "The City of Erie against In-lot No. 2575, Mc-Murray's heirs are owners or reputed owners, David Kennedy, surviving executor; for sidewalk improvement tax, being for furnishing materials and grading, and laying 190 feet brick sidewalk in front of said property on said Fourth street, and amounting to the sum of $204.09, with 10 per cent. additional, and interest on the whole amount from the 25th day of November 1865, as per Act of Assembly."

The bill of particulars amounted, November 25th 1865, to $224.50. To this was appended an affidavit by the street superintendent of the correctness of the claim, and the service of a notice of the assessment on Kennedy, the executor, accompanied by the claim, and that the work was approved by the sidewalk committee. Judgment as per Act of Assembly "was entered July 17th 1866," for "furnishing materials, and grading and laying 190 feet brick sidewalk in front of said property on said Fourth street, and amounting to $204.09, with 10 per cent. additional, with interest on the whole amount from the 25th day of November 1865. Bill of particulars herewith filed." On the 10th of September a rule to open the judgment was granted, which was made absolute December 6th 1866, and "defendant let into a defence only as to the quality and value of the work done." The foregoing contains the substance of the record in the Common Pleas.

[McMurray's Heirs *v*. The City of Erie.]

The lien was entered by virtue of an Act of Assembly passed April 14th 1863, Pamph L. 401. The act empowered the city authorities to provide by ordinance for the paving of sidewalks, &c.; the ordinance to be published and recorded, and after recording, the councils by resolution might order the paving of the sidewalks, specifying the kind of pavement and the time for doing the work, the superintendent to give notice in writing to the owners or their agents of the kind of pavement, &c., required, and the time within which it should be finished. If the owner after notice shall neglect to do the work he shall be liable to the penalties prescribed by the ordinances of the city, and the city may do the work, and the cost, &c., shall be a lien on the lot, and shall be filed and collected as provided by law for filing and collecting liens for paving in said city; and if not paved in 60 days 10 per cent. to be added, &c. The law on the subject of filing and collecting liens, referred to in the Act of 1863, is contained in the Act of May 1st 1861, Pamph. L. 615, which provides that after some preliminary steps the collector shall make out a written statement of the amount of tax and description of the property, with an affidavit of their correctness, and that proper notice had been given; and the prothonotary "shall enter judgment on the same," &c., which "shall be collected by execution as judgments on mortgages are now collected."

On the trial of issue, before Johnson, P. J., the defendants offered to prove that there was no record made of any ordinance for repaving sidewalks, nor of its publication. On objection the offer was rejected by the court, and a bill of exceptions sealed.

The defendants' points were:—

1. The plaintiff is not entitled to recover, because it did not show an ordinance requiring the pavement in front of said lot No. 2575, nor did the plaintiff show that any such ordinance was ever recorded.

The 2d point was in effect the same as the 1st.

3. There is no presumption that the plaintiff complied with the provisions of the Act of Assembly of the 14th day of April 1863, previous to the entry of the judgment, and without said provisions being complied with previous to the entry of judgment, it is void.

4. Refusing to open the judgment further than to let the defendant into defence "as to the quality and value of the work done" does not relieve the plaintiff from proving the preliminary action of councils required by said Act of Assembly, and not having done so plaintiff cannot recover.

The court answered all the points in the negative.

The verdict was for the plaintiff for $150.

The defendants took out a writ of error, and assigned for error the rejection of their offer of evidence, and the answers to their points.

[McMurray's Heirs v. The City of Erie.]

*J. C. Marshall,* for plaintiff in error.—The plaintiff did not prove that any of the requirements of the Act of Assembly had been performed. The entry was void as a judgment: Acts of 1861 and 1863, *supra.* It is a statutory claim in derogation of the common law, and must be brought within the letter and intention of the statute : City *v.* Sutton, 6 Casey 55 ; Kensington *v.* Keith, 2 Barr 219 ; City *v.* Lea, 5 Phila. R. 77. The judgment was void for want of jurisdiction, the defendant not having had a day in court, and if a void judgment, the defendant could not be restrained by terms at its opening from having it tried on the merits : Bradley *v.* Commonwealth, 7 Casey 522 ; Banning *v.* Taylor, 12 Harris 292 ; Dyer 180 ; 1 Tidd's Prac. 66 ; 3 Bac. Ab't. 345, *Error ;* 1 Com. Dig. 752, *Attorney,* B. 8 ; Adams *v.* Busk, 5 Watts 291 ; Martin *v.* Rex, 6 S. & R. 296 ; Kellogg *v.* Kramer, 14 Id. 143 ; Brown *v.* Hummell, 6 Barr 86.

*E. Babbitt,* for defendant in error.—The court in opening the judgment had power to impose terms : Braddee *v.* Brownfield, 2 W. & S. 279 ; Gray *v.* Breckinridge, 2 Penna. R. 75 ; Baily *v.* Clayton, 8 Harris 295. When terms have been imposed they must be enforced on the trial, or the party would not know what he had to meet. No entry of record made pursuant to an Act of Assembly can be void unless the act be unconstitutional ; the burden of showing this is on the party alleging it : Sharpless *v.* Philadelphia, 9 Harris 147 ; E. & N. E. Railroad *v.* Casey, 2 Casey 300 ; Speer *v.* Blairsville, 14 Wright 150.

The opinion of the court was delivered, January 5th 1869, by

SHARSWOOD, J.—Under the provisions of the Act of Assembly of April 14th 1863, entitled "A further supplement to the several acts incorporating the city of Erie," Pamph. L. 401, a judgment was entered by the prothonotary in the court below in favor of the city of Erie on a claim for a sidewalk improvement tax against an inlot property described and numbered. It appears by the record that a rule was granted to show cause why the judgment should not be opened. The court made the rule absolute, and "defendant let into a defence only as to the quality and value of the work done." That the court had the power to prescribe terms upon the opening of the judgment has not been and cannot for a moment be disputed : Braddee *v.* Brownfield, 2 W. & S. 279 ; Bailey *v.* Clayton, 8 Harris 295. The parties interested in the property against which the judgment was entered as a lien obtained this order and accepted its terms. They went to trial on the special issue thus awarded, and succeeded in reducing the amount of the claim considerably. If the court had a right to direct that the issue should be special, and to impose terms, they also of necessity had a right to confine the evidence to the issue,

9 P. F. SMITH—15

and thus to carry out their own order. Indeed they were bound to do so. The plaintiffs would have come unprepared to meet any other question. In Gray *v.* Brackenridge, 2 Penna. R. 75, it was held that on an issue joined to ascertain the amount due upon a judgment, given as security, the court had a right to order that the plaintiff's account or statement of the amount due to him shall be considered as primâ facie evidence of his claim; and it is not error to instruct the jury that the burden of proof falls upon the defendant to show payment of the debt, or why it should not be paid. It is very plain, then, that on the trial of this issue of fact before the jury, the court below committed no error in rejecting the evidence which forms the matter of the first assignment, and in refusing to affirm the four points presented which are complained of in the remaining assignments. They relate entirely to the regularity and validity of the judgment which had been opened. The only issues before the jury were " as to the quality and value of the work done."

No error has been assigned in the judgment, though the argument has been mainly, if not altogether, directed to the point made before the court below, that the judgment itself was unauthorized and void. It is contended that under the Act of 1863 there were certain preliminary things to be done before the judgment could be entered; as that an ordinance must be passed by the corporation plaintiffs and duly recorded, and notice properly given to the owners before the work was begun. It may be assumed that these were necessary prerequisites to a valid judgment. But the law did not require that the evidence of them or even an averment should form a part of the judgment itself. On the face of this record the presumption must be in favor of it that all things necessary were regularly done. If there was an assignment of error, it must be of an error of fact dehors the record. In effect it would be that the prothonotary had no warrant to enter the judgment. In general it is settled that on a writ of error, error of fact as well as error of law may be assigned: Silver *v.* Shelback, 1 Dall. 165; Moore *v.* McEwen, 5 S. & R. 373; Martin *v.* Tors, 17 S. & R. 364; Knox *v.* Flack, 10 Harris 338; Banning *v.* Taylor, 12 Harris 292. However, in Watson *v.* Mercer, 17 S. & R. 343, this court decided that the Supreme Court, when sitting out of the county of Philadelphia, cannot entertain a writ of error for error in fact. The ground of this determination was that the law had given the court no jury to try matters of fact; and it was said that to send them for trial to the Court of Common Pleas of the county from which the record came would seem to be without any precedent existing in this state or anywhere else. This case has never been overruled that I can find, although Lewis, C. J., does not seem to have adverted to it when he said in Knox *v.* Flack, a case in the Western dis-

trict, " We can, if necessary, order an issue to the court below to try the fact."

But there is another reason why the plaintiffs in error cannot avail themselves of this objection to the judgment. Error in fact and error in law cannot be assigned together, because they are distinct things and require different trials. The defendants in error could demur for duplicity: 2 Bacon's Abr., tit. *Error*, 2. So, after an error of law has been assigned and the judgment affirmed, no error in fact can afterward be assigned on any other proceeding as in a writ of *error coram nobis*, in the court below: Burleigh *v.* Harris, 2 Strange 975. The ground for this ruling was entirely satisfactory; that as error in fact and law cannot be both assigned on one writ, there is no reason to do it by a more dilatory method. Since, therefore, on the errors in law assigned on this writ the judgment must be affirmed, it would seem to follow that the plaintiffs are precluded from taking advantage of any error in fact.

Judgment affirmed.