## Case No. 10,613.

### OTIS v. The RIO GRANDE.

[1 Woods, 279.] 1

Circuit Court, D. Louisiana. Nov. Term, 1872. 2

ADMIRALTY — DECREE — COLLATERAL ATTACK FOR ERRORS — REVERSAL IN DIRECT PROCEEDING — DECREES OF FOREIGN COURTS.

1. Where a court has jurisdiction of the res in a proceeding in rem, the record of its decree cannot be collaterally attacked for errors and irregularities appearing therein.

2. When the jurisdiction of a court depends upon a fact which the court is required to ascertain in its decision, such decision is final until reversed in a direct proceeding for that purpose.

[Cited in Foltz v. St. Louis & S. F. Ry. Co., S. C. C. A. 635, 60 Fed. 318.]

3. When at and after the beginning of proceedings in admiralty by the filing of the libel, the court is in actual possession of the res, its jurisdiction is not lost by the removal of the res from the possession of the court and beyond its territorial jurisdiction, without the consent of the libellant

4. The United States courts sitting as admiralty courts ought to carry into effect the sentences and decrees not only of other federal courts of admiralty, but also of the admiralty courts of foreign countries.

[Appeal from the district court of the United States for the district of Louisiana.]

[This was a libel in admiralty by William Otis and others against the steamer Rio Grande.] The suit is founded upon a record

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2 [Affirmed in 23 Wall. (90 U. S.) 458.]

of the United States circuit court for the Southern district of Alabama. [See Case No. 10,614 and note.]

T. J. Semmes and Robert Mott, for libellants.

Arthur Saucier and F. Mechenard, for claimant.

WOODS, Circuit Judge. The facts are these: The libellants in this case brought an action in the district court for the Southern district of Alabama, on the 22d of November, 1867, against the steamer Rio Grande, to enforce what they claimed was an admiralty lien for labor and materials furnished in repairing said steamer in the port of Mobile. The steamer was seized and held by the marshal of the Southern district of Alabama. On the 11th day of May, 1868, the district court in which the case was pending, dismissed the libel. On the next day the claimants moved the court for an order that the marshal deliver the steamer to Wm. Stewart and Wm. Ross, which was granted. On the 14th day of May, written notice of a demand for appeal to the circuit court for southern Alabama was filed in the office of the clerk of said district court, and on the same day an appeal bond duly approved was filed by the libellants with the clerk of the district court.

Notwithstanding the appeal, the marshal delivered the steamer to Stewart and Ross.

Afterwards, in June, 1869, Thomas McClellan, of the city of New Orleans, being in the city of Mobile, purchased the Rio Grande of James N. Williams and Mary Ann Price, who then claimed to be her owners, and afterwards sold her to the claimant in this case by a bill of sale, which only conveyed the interest acquired in the steamer by McClellan, by virtue of the bills of sale of Williams and Mrs. Price.

In the meantime the case was carried by the appeal from the district to the circuit court for the Southern district of Alabama. in which last named court, on the 11th day of January, 1871, a decree was rendered in favor of the libellants in this case for $1,508, and costs; the lien of the libellants for that amount upon the Rio Grande was recognized, and she was condemned for the payment thereof.

To enforce this decree of the circuit court for the Southern district of Alabama is the purpose of this suit, and the libel is founded on the record of the decree of the circuit court for Southern Alabama.

The only defenses that can be made against the enforcement of this decree are, either that the decree has been paid, or that it is absolutely void.

The defense set up by claimant is that the decree of the circuit court condemning the Rio Grande is void.

Counsel for claimant call attention to what they suppose to be the irregularities and errors of the proceedings in the circuit court. Admitting such irregularities and errors to

exist, it by no means follows that the decree is void. This court has no jurisdiction to decide upon the errors and irregularities of the circuit court of Southern Alabama, if that court had jurisdiction to make the decree which it made. The errors of that court can only be corrected by the supreme court of the United States.

"When a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court." Elliott v. Peirsol, 1 Pet. [26 U. S.] 340.

Thus the circuit court in Alabama had jurisdiction to decide whether an appeal had been properly taken and prosecuted to itself from the district court. It did pass upon that question in the case of Otis v. The Rio Grande [Case No. 10,614], and that decision is binding upon this and every other court, until reversed in a direct proceeding.

So in Cooper v. Reynolds, 10 Wall. [77 U. S.] 308, it is laid down as an axiom of law, "that when a judgment of a court is offered collaterally in another suit, its validity cannot be questioned for errors which do not affect the jurisdiction of the court that rendered it."

We can therefore pass over all the irregularities and errors not affecting the jurisdiction of the court which counsel for claimants allege to exist in the record of the circuit court of Alabama, on which this suit is based, and we are authorized to inquire only whether that court had jurisdiction to render the decree set out in the record.

The jurisdiction of that court is attacked on two grounds:

1. Because the claims of libellant were for supplies and materials furnished the Rio Grande in her home port, and therefore no admiralty lien existed which that court had jurisdiction to enforce; and,

2. Because pending the case in district and circuit courts for the southern district of Alabama, the res against which the action was brought was removed from the possession and from the territorial jurisdiction of the court, and therefore the circuit court in the absence of res had no power to decree against it.

Touching the first ground, it is sufficient to say that one of the issues in the case before the circuit court of Alabama was, whether or not the Rio Grande was a foreign or domestic vessel. It was clearly within the jurisdiction of the court to decide that question, and having decided it, its decision is conclusive until reversed in a direct proceeding.

"When the jurisdiction of a tribunal depends upon a fact which such tribunal is required to ascertain and determine by its decision, such decision is final until reversed in a direct proceeding for that purpose.

"The test of jurisdiction in such cases is whether the tribunal have power to enter upon the inquiry, and not whether its conclusions in the course of it were right or wrong." Colton v. Beardsley, 38 Barb. 30.

The Alabama court having decided the jurisdictional fact that the Rio Grande was a foreign vessel, it would ill become this court to hold its decree to be absolutely void because it should be of opinion that that court erred in its conclusions upon that issue.

A more serious question however is raised by the second objection to the jurisdiction of the Alabama court, namely, that the court lost jurisdiction by losing possession of the steamer Rio Grande.

The general rule is well settled that the jurisdiction of courts of admiralty in cases of proceedings in rem is founded on the actual or constructive possession of the res.

But the precise point presented in this case is this: When at and after the commencement of the proceedings by the filing of the libel, the court is in the actual possession of the res, is its jurisdiction lost by the removal of the res from the possession of the court and from its territorial jurisdiction without the consent of the libellant?

This question was passed upon by Mr. Chief Justice Marshall in the case of U. S. v. The Little Charles [Case No. 15,612]. The chief justice says:

"That the possession of the thing is necessary as a foundation for the jurisdiction of the court is, in general, true. There must be seizure to vest jurisdiction, but it is not believed that the continuance of possession is necessary to continue the jurisdiction. It is a general principle that jurisdiction once vested is not divested, although a state of things should arrive in which original jurisdiction could not be exercised. No authority has been found nor is any reason perceived for making this case an exception to the general rule." See also Wilson v. Graham [Case No. 17,804].

Following the authorities cited, I am of opinion that the removal of the Rio Grande from the control and jurisdiction of the court did not oust the jurisdiction of the court, and as a consequence, that the decree of the circuit court for the Southern district of Alabama is valid and binding.

This court is in duty bound to carry into effect the sentences and decrees, not only of other federal courts, but even of the admiralty courts of foreign countries (Jurado v. Gregory, 1 Vent. 32; 2 Sir Leo Jenkins, 714), and must give a decree in favor of libellants unless one other defense relied on by claimant should prove to be well founded.

This is, that from the very circumstances of the case, respondents could have nothing to urge against the libel in the district court, their ownership of the Rio Grande having accrued long after the proceedings in said court had terminated, to wit: in September, 1869. But their claim to ownership arose before the decree in the circuit court. They and all other persons interested were parties, and had the right to be heard in that court, and would have been heard upon proper applica-

tion. As to the "thing" which was defendant in that suit, all persons claiming it on the ground of property or possession were represented by it in that court, although they were not served with process, or had not heard of the proceedings. The lis pendens was notice to all the world. Wilson v. Graham, supra.

Believing the decree of the circuit court of Alabama to be a valid and binding decree until reversed in a direct proceeding, and that it is the duty of this court when called on to enforce it, and no sufficient reason appearing to the contrary, decree must be rendered in favor of the libellants against the steamer Rio Grande, for the amount of their several claims, with interest and costs and for the costs in the district and circuit courts of the Southern district of Alabama.

[On appeal to the supreme court. the decree of this court was affirmed. 23 Wall. (90 U. S.) 458.]