THE STATE OF NEW JERSEY, HENRY SCHNEIDER, GAME WARDEN, PROSECUTOR, PLAINTIFF IN ERROR, v. DAVID MARINELLI, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided March 6, 1899.

1. The proceedings of the Court of Common Pleas, in appeals under the Game and Fish act of March 22d, 1895 (*Gen. Stat.*, p. 1580), are not summary in such sense that the record of conviction must set forth the evidence on which the conviction rested.
2. If the verdict of the jury, or the finding of the judge, does not determine the issue of fact presented for trial, a final judgment rendered upon such verdict or finding is erroneous.
3. A certificate of the trial judge, showing what conclusion of fact he intended to announce on the trial of an issue without a jury, will not rectify the record of a judgment which appears to be erroneous for want of a determination of the issue.

---

On error to the Supreme Court. For opinion of Supreme Court, see 32 *Vroom* 177.

For the plaintiff in error, *John W. Harding.*

For the defendant in error, *George A. Bourgeois, Jr.*

The opinion of the court was delivered by

DIXON, J.   Upon a complaint made before a justice of the peace, charging that David Marinelli unlawfully and willfully carried a gun and hunted with a gun and dog in the fields and woods on the Sabbath day, at Hammonton, in the county of Atlantic, contrary to the provisions of the fifteenth section of the Game and Fish act of March 22d, 1895 (*Gen. Stat.,* *p.* 1580), Marinelli was tried and found guilty before the justice and sentenced to pay a penalty of $20 and costs. Thereupon he appealed to the Court of Common Pleas in Atlantic county, where after trial a judgment for the like penalty was rendered against him.   This judgment, having been removed to the Supreme Court, was there reversed, on the ground that the proceedings in the Common Pleas belonged to the class styled "summary," and, therefore, the judgment could not be sustained because the record did not set forth the evidence on which to support a conviction.

We do not concur in this position of the Supreme Court.

The Court of Common Pleas is a court of record, having a permanent establishment, and possessing, within the range of its jurisdiction, the common law powers usually held by general judicial tribunals, except so far as those powers are withheld from it by statute.   4 *Griff. L. R.* 1167 ; *Squire* v. *Gale,* 1 *Halst.* 157 ; *Den d. Vanderveere* v. *Gaston,* 4 *Zab.* 818.

The tribunals whose conclusions must be upheld, if at all, by a written statement of the evidence on which they are based, are those which possess only the powers given by statute for the prosecution of minor offences, and in whose favor, therefore, nothing will be presumed, but the intendment will be against them.   1 *Burn's Just.* 409.   On the contrary, with respect to permanent courts of record, vested with common law powers, every intendment is in favor of the legality of their proceedings, and only when their errors are affirmatively shown are they noticed by courts sitting in review of their judgments.   *Loweree* v. *Newark,* 9 *Vroom* 151 ; *Demster* v. *Frech,* 22 *Id.* 501 ; *Dean* v. *Thatcher,* 3 *Id.* 470.

In the trial of appeals under the statute cited, the Court of

Common Pleas proceeds *de novo,* exercising its common law powers, except, perhaps, that trial by jury was not allowable (*sed conf. Gen. Stat., p.* 1586, ¶ 138, and *Gen. Stat., p.* 1897, ¶ 161); but even this exception, if it exists, would not deprive the proceedings of the court of their title to favorable intendment. We therefore cannot affirm the judgment of the Supreme Court on the grounds stated.

But there is an error apparent in the record of the Common Pleas for which its judgment should be reversed.

The complaint charged Marinelli with carrying a gun, and hunting with a gun and dog in the fields and woods on the Sabbath day, contrary to the fifteenth section of the statute. Besides these offences, the fifteenth section makes it penal to hunt with any kind of weapons on the Sabbath. The record of the Common Pleas avers that the court adjudged the defendant to be "guilty of violating section 15 of the statute," but does not indicate that it adjudged him to be guilty of those acts in violation of the section with which he was charged and for which alone the court had a legal right to punish him. The case thus presented is therefore one in which the court has by its judgment imposed a penalty on the defendant because of a finding of fact which does not respond to the issues raised by the complaint. Such a judgment is erroneous. Said Mr. Justice Washington, in *Patterson* v. *United States,* 2 *Wheat.* 221: "A verdict is bad if it varies from the issue in a substantial matter. * * * The reason of the rule is obvious : it results from the nature and the end of pleading. Whether the jury find a general or a special verdict, it is their duty to decide the very point in issue, * * * and if it appears that the finding is different from the issue * * * no judgment can be rendered upon the verdict." *Rex* v. *Woodfall,* 5 *Burr.* 2661 ; *Coffin* v. *Jones,* 11 *Pick.* 45 ; *Munday* v. *Vail,* 5 *Vroom* 418.

In the printed book before us there appears a certificate, purporting to be signed by the judge of the Common Pleas before whom the cause was tried, setting forth what testimony was produced at the trial, and that on the evidence he

adjudged Marinelli to be guilty of the acts charged in the complaint; but this certificate was made long after the finding and judgment were entered of record and does not indicate that the record has been in any way altered or amended so as to show an adjudication upon the real issue. It does not rectify the error apparent upon the record.

For this error the judgment of the Common Pleas was illegal, and the judgment of the Supreme Court reversing it should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

*For reversal*—None.