ELTONHEAD v. ALLEN et al.

(Circuit Court of Appeals, Third Circuit. December 16, 1902.)

No. 9.

1. JURISDICTION—ATTACHMENT—PRELIMINARY AFFIDAVIT—PRESUMPTION.

Where a state court of general jurisdiction is authorized to issue a writ of attachment of land on the filing by the applicant, before the sealing of the writ, of an affidavit averring that defendant is a nonresident of the state, and that he owes plaintiff a specified sum, but the affidavit is not required to be placed upon record, it will be conclusively presumed, in favor of jurisdiction, that the affidavit was made as required, though the record is silent with respect to it; and the judgment of the court decreeing the sale of the land will be valid.

2. SAME—RECORD—SUFFICIENCY.

A record in attachment proceedings recited: "Writ issued and sealed August 12, 1862. Amount specified in affidavit, thirteen hundred and sixty-six dollars and sixty-seven cents." The statute regulating attachment proceedings required that the applicant for the writ should, before the sealing thereof, make oath to the effect that defendant was a nonresident of the state, and that he owed plaintiff a specified sum. Held, that the fact of the making of the affidavit before the sealing of the writ sufficiently appeared from the record.

In Error to the Circuit Court of the United States for the District of New Jersey.

Geo. W. Macpherson and D. J. Pancoast, for plaintiff in error.
Clarence L. Cole, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. Upon the trial of an action of eject-ment to recover possession of certain real estate in Atlantic City, N. J., the learned judge of the circuit court instructed the jury that their verdict must be for the defendants. Such verdict was ac-cordingly rendered, and the judgment entered thereon is now be-fore this court for review. Several questions which have been de-bated by counsel need not be discussed by us, for our decision may and will be rested upon a single point, which we deem to be deter-minative.

If the attachment proceedings in the state court of New Jersey, and the order therein, together with the sale and deed of convey-ance made in pursuance thereof to John F. Bennet, vested the title to the premises in question in the said Bennet, predecessor in title of the defendants, then the judgment of the circuit court was clearly right. But it is contended that said deed did not, in law, transfer the title to Bennet, because, as is asserted, it does not appear from the copy of the record in the attachment proceeding, adduced on the trial below, that the court in which that proceeding was instituted and prosecuted had jurisdiction to entertain it and to pronounce judgment therein. The ground mainly relied upon to maintain this position, and the only one, we think, which affords it any semblance of support, is that the record to which we have referred does not sufficiently disclose that the applicant for the attachment had com-plied with the provision of the New Jersey statute that:

"The applicant for such writ of attachment shall, before the sealing thereof, make oath or affirmation (which shall be filed in the office of the clerk of the court out of which the same shall be issued) before any judge or justice aforesaid, that the person against whose estate such attachment is to be is-sued, is not, to his knowledge or belief, resident at that time in this state, and that he owes the plaintiff a certain sum of money, specifying as nearly as he can, the amount of the debt or balance."

If, in fact, the record of the proceeding under consideration had been silent as respects the filing of the oath or affirmation required by the provision above quoted, we are of opinion that the circuit court should have conclusively presumed that that preliminary fact necessary to set the machinery of the law in motion had appeared to the satisfaction of the court whose authority to act depended upon its existence. Noble v. Railroad Co., 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123. The case of Voorhees v. Jackson, 10 Pet. 469, 9 L. Ed. 490, was decided upon a writ of error to the judgment of a circuit court in an action of ejectment. The question was as to the validity of a sale of the premises in controversy, under a judg-ment of a court of common pleas of Ohio, in a case of foreign at-tachment; and it was objected to the validity of the sale that, al-though the statute of Ohio provided "that an affidavit shall be made and filed with the clerk, before the writ issues, and if this is not done the writ shall be quashed on motion," yet no such affidavit was found

in the record. In that case, as in this, the law did not prescribe what should be deemed evidence of the making and filing of the affidavit, nor that it should appear on the record; and the supreme court said:

"This leaves the question open to the application of those general principles of law by which the validity of sales made under judicial process must be tested, in the ascertainment of which we do not think it necessary to examine the record in the attachment for evidence that the acts alleged to have been omitted appear therein to have been done. Assuming the contrary to be the case, the merits of the present controversy are narrowed to the single question whether this omission invalidates the sale. The several courts of common pleas of Ohio at the time of these proceedings were courts of general civil jurisdiction, to which was added, by the act of 1805, power to issue writs of attachment and order a sale of the property attached on certain conditions. No objection, therefore, can be made to their jurisdiction over the case, the cause of action, or the property attached. The process which they adopted was the same as prescribed by the law. They ordered a sale, which was executed, and, on the return thereof, gave it their confirmation. This was the judgment of a court of competent jurisdiction on all the acts preceding the sale, affirming their validity in the same manner as their judgment had affirmed the existence of a debt. There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears. This rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from the initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself, without referring to the evidence on which it has been adjudged."

There is much more in this opinion which is pertinent to the case in hand, but it is unnecessary to quote further. Its purport and effect as a whole are sufficiently shown by the foregoing extract; and the decision founded upon it has never, so far as careful search has enabled us to discover, been departed from or modified. On the contrary, it was referred to in the comparatively recent case of Applegate v. Mining Co., 117 U. S. 269, 6 Sup. Ct. 742, 29 L. Ed. 892, as authority for the proposition that, where a court of general jurisdiction is acting under special statutory authority, the steps pointed out by the statute, though necessary to be taken, need not appear in the record, unless the statute expressly or by implication requires it, and that every presumption not inconsistent with the record is to be indulged in favor of the court's jurisdiction. Indeed, it is to be presumed, in respect to official action generally, that all statutory prerequisites thereto had been complied with; for "it is a rule of very general application that, where an act is done or can be done legally only after the performance of some prior act, proof of the later carries with it a presumption of the due performance of the prior act"; and, as we have seen, the acts of courts are not to be especially denied the benefit of this presumption in favor of legality. Nofire v. U. S., 164 U. S. 660, 17 Sup. Ct. 212, 41 L. Ed. 588. From these several adjudications of the supreme court, it seems plainly to result that, for this court at least, the law must be regarded as settled in accordance with the presentation of it to be found in the fourth edition of Freeman on the Law of Judgments (sections 124 and 132), as follows:

"If a statute required a certain affidavit to be filed or a certain fact to be found prior to the rendition of judgment, it will be presumed, in the absence

of any statement or showing upon the subject, that such affidavit was filed or such fact found. * * * The authorities, however, all concede that the mere fact that the record is silent respecting the existence of some jurisdictional fact cannot create the presumption that such fact did not exist. On the contrary, its existence will be presumed. The only question is whether the presumption may be overcome by extrinsic evidence. The preponderance of the decisions upon this question supports the doctrine that it is a matter of no consequence whether the jurisdiction of the court affirmatively appears upon the judgment roll or not; for, if it does not, it will be conclusively presumed."

These statements are further supported, more or less directly, by the several cases cited below; and we need not look beyond the case before us for exemplification of the justice of the rule which they denote, for nothing could be more manifest than the injustice of invalidating a title to real estate, founded upon the judgment of a competent court, pronounced nearly 40 years ago, merely because the filing of an affidavit, not required to be set out in the record, and which, of course, may have disappeared from the files, cannot at this late day be established otherwise than by legal presumption, aided as will presently be seen, by a corroborative, though incidental, reference to it on the face of the record itself. Beattie v. Wilkinson (C. C.) 36 Fed. 546; Foster v. Givens, 67 Fed. 684, 14 C. C. A. 625; McMurray's Heirs v. City of Erie, 59 Pa. 226; Newcomb's Ex'rs v. Newcomb, 13 Bush, 544, 26 Am. Rep. 222; Dean v. Thatcher, 32 N. J. Law, 470; Schneider v. Marinelli, 62 N. J. Law, 740, 42 Atl. 1077; Otis v. The Rio Grande, Fed. Cas. No. 10,613 [1 Woods, 279]; Colton v. Beardsley, 38 Barb. 29, 51; Ex parte Sternes, 77 Cal. 156, 19 Pac. 275, 11 Am. St. Rep. 251.

But apart from and independently of the broad question which has thus far been considered, we are of opinion that this case was properly decided in the court below, for the attachment record which was before the court is not silent respecting the making and filing of the statutory affidavit. Its first statement is in these words: "Writ issued and sealed August 12, 1862. Amount specified in affidavit thirteen hundred and sixty-six dollars and sixty-seven cents." There is no ground for supposing that the affidavit here alluded to was not the affidavit required by law. The legal implication is that it was, and this implication accords with the natural significance of the terms of the entry itself, which clearly indicate that it was the particular affidavit, "specifying * * * the amount of the debt," which the act provided should be made before the sealing of the writ. This understanding, and no other, is consistent with the rest of the record, and with the regularity of the proceedings to which it relates. We have no doubt of its correctness, and therefore hold that, even if it were necessary that the making of the prescribed oath or affirmation should appear by the record, that fact would sufficiently appear from the entry to which we have referred.

Having now stated the grounds upon which we base our conclusion upon the question which, as we have said, we regard as determinative, it remains but to say, as to the whole case, that we have not been convinced that any error whatever was committed by the trial judge, and accordingly the judgment of the circuit court is affirmed.