KENTUCKY NAT. BANK OF LOUISVILLE, KY., v. CARLEY.

(Circuit Court of Appeals, Third Circuit. February 6, 1904.)

No. 26.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—EVIDENCE—INTRODUCTION—TIME.
Where objections to a bankrupt's discharge were filed May 10, 1901, and the referee on August 15, 1901, proceeded with the taking of evidence, notwithstanding the creditor's objection, and at the meeting of that date, and at other meetings subsequently held prior to September 3, 1901, when the proofs were formally closed, the objector had full opportunity to offer any evidence desired, its subsequent application to reopen the case for the purpose of introducing additional evidence, made more than a year thereafter, was properly denied.

2. SAME—PRESUMPTION.
Where an application for a bankrupt's discharge was duly referred to the referee, and the court affirmed his report, and made an order of discharge, it will be presumed in support of the order that the court investigated objections made thereto, and overruled the same on the merits.

3. SAME—FALSE OATH.
Under Bankr. Act July 1, 1898, c. 541, § 29, par. "b," 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], providing that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently made a false oath or account in or relating to any proceeding in bankruptcy, a bankrupt was not precluded from obtaining his discharge by reason of having made a false oath during the progress of the proceedings, unless such oath was "knowingly and fraudulently" false.

4. SAME—ISSUES.
Where a creditor, in his specification of objections to a bankrupt's discharge, in each instance alleged that the false oaths of the bankrupt alleged as a ground for withholding the discharge were knowingly and fraudulently made, he could not object to the court's refusal to withhold a discharge on a finding by the referee that such false oaths were not made "knowingly and fraudulently," on the ground that such an issue was an inconclusive one.

Appeal and Petition for Review from the District Court of the United States for the District of New Jersey.

A. Gordon Murray and Andrew C. Gray, for appellant.
Francis D. Carley, for appellee.

Before ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. This case has been heard both upon petition for revision and upon appeal. The petition is intended, says the petitioner's brief, to obtain the revision by this court of the referee's refusal to receive certain proofs, and of the action of the district judge "in not investigating the merits of the application for discharge." The appeal is from the order of the court granting the discharge.

There is no merit in the complaint that the referee precluded the petitioner from presenting relevant evidence. Its specifications of objections to the bankrupt's discharge were filed on May 10, 1901, and the referee was right in proceeding, notwithstanding its objection, with the taking of evidence under those specifications, on August 15, 1901. At the meeting of that date, and at those subsequently held, it was actively represented by counsel, and it was not, at any of them, prevented from offering any evidence it desired to submit. On September 3, 1901, the proofs were formally closed, and the matter was then submitted to the referee for decision; and it was not until a year thereafter that the motion was made to reopen the case for the purpose of introducing additional evidence. This motion was properly denied. The case should not have been reopened so long after it had been closed, for the reception of any proof not manifestly important; and we have examined the record and the petitioner's brief with especial reference to this subject, without finding anything in either of them which, in our judgment, should prevent our acceptance of the opinion expressed by the referee that the new evidence which the objecting creditor desired to introduce was immaterial. The reference to the referee was made in conformity with the third paragraph of general order 12 (89 Fed. vii), and his report was filed upon March 23, 1903. Two months afterwards, viz., on May 25, 1903, the court made two orders, one of which affirmed the report of the referee, and directed that a discharge be granted to the bankrupt in accordance therewith, and the other of which was in the terms in which formal orders of discharge are commonly and properly made. Collier on Bankruptcy (4th Ed.) p. 639, and note. We cannot assume that the learned judge confirmed the report of the referee without due consideration, or that he discharged the bankrupt without investigating the merits. On the contrary, it is to be presumed that whatever he should have done was done; for "there is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done until the contrary appears." Eltonhead v. Allen, 119 Fed. 126, 55 C. C. A. 671, and cases there cited. Moreover, this point, even if well taken, would be of no practical consequence, for the petitioner, by its appeal, has invoked the investigation of the merits by this court, and it, upon fully considering them, is satisfied that the order in question, whether made with or without investigation, was, in itself, a correct and proper one.

The specific errors assigned go to the action of the court below in affirming the referee's findings upon matters of fact. To refer to these specifications in detail, and discuss the proofs with reference to them, would serve no useful purpose, and would occupy much time. Suffice it, therefore, to say, that we have thoroughly scrutinized all the evidence, and upon careful consideration of it are clearly of opinion that the material facts were correctly found by the referee, and that, consequently, the court's confirmation of his report with respect to them was unquestionably right. It has, however, been contended that the facts as found by the referee did not justify the discharge of the bankrupt, because, as to certain oaths made by him in the course of the proceed-

ing, the finding of the referee was, not that they were not false, but that the bankrupt had not "knowingly and fraudulently" made a false oath. This contention is based upon the supposition that the words "knowingly and fraudulently," as they occur in paragraph "b" of section 29 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]), do not apply to its clause relating to the making of a false oath. We cannot assent to this supposition. It is not accordant with the construction of the section which, in our opinion, is the only reasonable one, and which the District Court for the Eastern District of Pennsylvania in Re Beebe, 116 Fed. 48, has assumed to be the only possible one. In Collier on Bankruptcy (4th Ed.) p. 167, it is said that "the oath, if available as an objection to a discharge, * * * must have been knowingly and fraudulently made," and for this statement In re Beebe and other cases are cited. Furthermore, the appellant's specifications of objections to discharge, in each instance in which they alleged the making of a false oath, expressly averred it to have been knowingly and fraudulently made. Consequently, the issue which the referee and the court decided was precisely the one which this appellant had itself tendered for decision, and it has no right now to assert that that issue was an inconclusive one.

Both upon the petition for revision and upon the appeal the order of the District Court discharging the bankrupt, Francis D. Carley, is affirmed.