## Burdsall v. Lansdowne Borough, Appellant.

*Road law—Change of grade—Agreement as to issue to be tried on appeal from award of viewers.*

Where, on an appeal from an award of viewers in a change of grade case, the property owner, as plaintiff, and the borough, as defendant, enter into a written agreement signed by counsel and approved by the court for an issue to be framed to determine "what damages, if any, had been suffered" by the plaintiff by the change of grade, the borough cannot claim that the plaintiff was required under the issue tried to show that the borough had duly passed an ordinance which had been approved by the burgess, duly advertised, and recorded in the ordinance book and there properly attested.

On the trial of such an issue the plaintiff may show that the change of the grade in question caused water to accumulate in front of his property to an extent that at times seriously interfered with access to the property.

Argued Nov. 23, 1916.   Appeal, No. 45, Oct. T., 1916, by defendant, from judgment of C. P. Delaware Co., March T., 1911, No. 45, on verdict for plaintiff in case of William H. Burdsall v. Lansdowne Borough.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Appeal from award of viewers.   Before JOHNSON, P. J. The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

216 BURDSALL v. LANSDOWNE BORO., Appellant.

Assignment of Errors—Opinion of the Court. [68 Pa. Superior Ct.

*Errors assigned* were various rulings on evidence and in refusing binding instructions for defendant.

*Thos. F. Gain*, with him *Fred Taylor Pusey*, for appellant.—There can be no lawful recovery of damages in this proceeding because the alleged change of grade was not authorized by proper municipal action: Hicks v. Williamsport, 235 Pa. 509; Kittanning Borough v. Thompson, 211 Pa. 169.

*V. Gilpin Robinson*, with him *Charles L. Smyth*, for appellee.—The appellant is estopped from setting up a defense that this grading was not done under proper municipal authority. The issue agreed to be tried was limited to the question of damage. There is no suggestion of want of authority: McMurray's Heirs v. Erie, 59 Pa. 223; Richardson v. Flowers, 248 Pa. 35.

OPINION BY PORTER, J., October 15, 1917:

The authorities of the defendant borough having caused the grade of Union avenue to be changed and the work having been completed, viewers were appointed by the court below, upon the petition of the appellee and others, to assess the damages and benefits resulting from the improvement, in accordance with the Act of May 16, 1891, and its supplements. The viewers having filed a report awarding damages to the appellee, the borough appealed from that award and demanded a trial by jury. The trial resulted in a verdict in favor of the plaintiff and judgment thereon, from which the borough appeals. The questions involved are thus stated by the appellant. "1. Whether damages for alleged change of grade of a borough street may be recovered in a proceeding instituted under the Act of Assembly of May 16, 1891, as amended by the Act of May 22, 1895, P. L. 107, where there was no ordinance or resolution of councils, approved by the chief burgess, authorizing any change of grade." "2. Whether evidence of alleged consequential

damage, viz, the flow and accumulation of surface water in the highway is relevant and admissible, where no change or diversion of the water shed has been accomplished."

The first question above stated does not properly arise in this case, because of the form of the issue which the parties had explicitly agreed should be tried by the jury. They had entered into the following written agreement: "It is hereby agreed that an issue be framed in the above case between William H. Burdsall, as plaintiff, and the Borough of Lansdowne, as defendant, for the determination of what damages, if any, had been suffered by the said William H. Burdsall by the change of grade of Union avenue between Nyack avenue and Bartram avenue, in the Borough of Lansdowne, in front of his premises, and that all further pleadings be dispensed with." This agreement was duly signed by counsel for the respective parties and was submitted to and approved by the court below. The necessity for the production of evidence and the materiality of the evidence offered must be determined by the issue arrived at by the pleadings. It is very clear that the only question which could be raised under the issue which the parties had agreed upon was "what damages, if any, had been suffered by the said William H. Burdsall by the change of grade of Union avenue between Nyack avenue and Bartram avenue." All questions which the parties might have raised by more extended pleadings must be considered as waived by their agreement. They are presumed to have come unprepared to meet any other question. The plaintiff was not required to prove that an ordinance had been duly passed and approved by the burgess. That was a matter which went only to the regularity of the proceedings of the borough, prior to doing the work which caused the injury. The contention of the appellant that the appellee was required, under the issue being tried, to show that the borough had duly passed an ordinance, which had been approved by the burgess, duly adver-

tised, and recorded in the ordinance book and there properly attested, is not well founded: McMurray's Heirs v. City of Erie, 59 Pa. 223; Hill v. Oakmont Borough, 47 Pa. Superior Ct. 261.

The evidence tending to show that the change in the grade of the street interfered with the natural flow of the surface water and caused accumulation thereof in front of the property of the appellee was properly admitted. That evidence, if believed, disclosed that the change of the grade of the street caused the water to accumulate in front of appellee's property to an extent that, at times, seriously interfered with access to the property. Municipal corporations are liable to be called upon to make compensation for injury to property resulting from interference with or change of the natural flow of waters as a consequence of their public works: Weir v. Plymouth Borough, 148 Pa. 566; Torrey v. Scranton, 133 Pa. 173; Chatham Street, Philadelphia's App., 191 Pa. 604; Cooper v. Scranton City, 21 Pa. Superior Ct. 17.

The first question, stated to be involved, did not arise under the pleadings in this case, and the evidence referred to in the statement of the second question involved was properly admitted.

The judgment is affirmed.