RAGAN, MALONE & CO. v. COTTON & PRESTON et al.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1912.)

No. 2,385.

1. BANKRUPTCY (§ 407*)—DISCHARGE—FALSE STATEMENT TO SECURE CREDIT—CONSTRUCTION.

Where a materially false statement of a firm's assets and liabilities, made to objectors to secure credit, provided that it should be binding for every purchase then or thereafter made, unless changed by written authority from the signers, its availability as a ground for resisting a discharge of the firm in bankruptcy was not affected, because the first purchase of goods obtained under the statement appeared to have been paid for, there being subsequent unpaid charges which constituted a part of the running account between objectors and the bankrupts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

2. BANKRUPTCY (§ 407*)—PARTNERSHIP—DISCHARGE—FALSE STATEMENT.

Where a materially false statement of the resources and liabilities of a bankrupt firm was made by one of the partners to objectors in order to secure credit, and credit was secured to the firm by the partner making the statement on the strength thereof, but it did not appear that the other partner had anything to do with making the statement, or that he authorized it or ordered goods thereunder, it was available only to prevent a discharge of the firm and the partner making the statement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

In the matter of bankruptcy proceedings of Cotton & Preston, E. S. Cotton, and F. F. Preston, bankrupts. From a final decree granting a discharge to the bankrupts as a firm and individually, Ragan, Malone & Co., objectors, appeal. Reversed, with instructions.

See, also, 183 Fed. 181.

The appellees, bankrupts, filed a petition for discharge. On notice thereof being given, the appellants filed sworn opposition and objections to the discharge as follows:

(1) Because said bankrupts obtained property on credit from them upon a materially false statement in writing made to them, for the purpose of obtaining such property on credit, such statement being made August 5, 1907, and being therein shown, made for the purpose of obtaining credit and to be binding for each purchase, "now or hereafter made, unless changed by written authority from the undersigned." Copy of said statement is hereto attached and made a part hereof, marked "Exhibit A." On such statement these objectors extended credit and sold said bankrupts from time to time, and at the time the petition in bankruptcy was filed said bankrupts were and are indebted to these objectors on account of such purchases, as shown by statement of account hereto attached and made a part hereof, marked "Exhibit B," to which reference is prayed as often as may be necessary. Said statement was materially false, in that said bankrupts begun business with a capital of $450, and in said statement they say they begun business with a capital of $3,000.

(2) On August 5, 1907, notes and accounts belonging to said bankrupts were about $300 to $400 in amount. In said statement they claim to be $1,000 in amount.

(3) On August 5, 1907, E. S. Cotton, one of said bankrupts, owed his wife some $3,000. In said statement the claim is made that said bankrupts owed no money whatever to wives or relatives.

(4) Said statement in other particulars is incorrect."

The Exhibit A attached to the opposition is as follows:

Statement of Cotton & Preston, E. S. & F. F.

Address, Broxton, Ga.

Atlanta, Ga., August 5th, 1907.

Ragan, Malone & Co.:

Firm composed of ........... made to Ragan, Malone & Co. for the purpose of obtaining credit, and this statement shall be binding for each purpose now or hereafter made unless changed by written authority from the undersigned.

Commenced business Sept. 1, 1905, with capital................. $3,000 00

### Assets.

| | |
|---|---:|
| Cash value of stock of goods on hand............................ | 3,500 00 |
| Amount of solvent debts, notes, and accounts..................... | 1,000 00 |
| Amount of doubtful debts, notes, and accounts................... | |
| Cash on hand and in bank...................................... | 500 00 |
| Live stock—horses, mules, cattle.............................. | |
| Real estate or town property. etc., firm own two business lots, vacant, in Broxton, Ga., worth............................ | 500 00 |
| E. S. Cotton owns four acres with residence in Broxton, Ga....... | 2,500 00 |
| Do. owns three vacant lots in Broxton, Ga., worth.............. | 250 00 |
| Acres of land in ...... county, state of...................... | |
| Do. land 1/2 interest in 67 acres land, Broxton, Ga.............. | 400 00 |
| F. F. Preston owns one vacant lot in Double Run, Ga............. | 45 00 |
| Other assets, personal property, etc., E. S. Cotton............. | |
| Has money loaned about....................................... | 200 00 |

Total assets ...........................................

Liabilities.

Amount and to whom indebted:

Wortheim Schwarts Shoe Co., St. Louis, Mo....................... $250 00
Wolf Bros., Columbia, Ohio..................................... 163 00
Arnold Hat Co., Atlanta, Ga................................... 123 00
A. M. Robinson Co............................................. 150 00
John Silvery & Co............................................. 50 00

Amount of borrowed money—when due and to whom? None.
Amt. indebted to your wife or relatives? None.
Or others not before stated when due and to whom? None.

Total liabilities ........................................... $736 00
Net worth, $9,936.00.

Amount of insurance on stock of goods, $3,500.00 on buildings.
On life.
Mortgages deeds or any other liens on property. None.
What property in your wife's name? None.
Have you ever failed? No.
Are there any judgments or suits pending against you? None.

Remarks: Formerly bought Fruitt-Silvery Hat Co. John Silvery & Co., A. M. Robinson, Dougherty, Ward, Little Co.

The above property in my (or our) own name and titles perfect, paid for, and no mortgage or liens in any shape upon it. In consideration of credit extended and to be extended on the faith of my (or our) solvency as shown by this statement, I (or we) hereby waive and renounce for myself (or ourselves) and family any and all homestead exemption rights under the laws of the United States or of any state as against the payment of any indebtedness now owing or hereafter existing in favor of the said Ragan, Malone & Co. and this waiver shall apply to all property now owned or hereafter acquired by the undersigned.

Given under my (or our) hand and seal.

[Seal]                          [Signed]  Cotton & Preston.
[Seal]                          [Signed]  F. F. Preston.

The Exhibit B attached to the opposition contains the account of goods sold by opponents to the bankrupts; payments made from August 7, 1907, to March 6, 1908; balance due thereon February 20, 1909, $827.15. The application for discharge and opposition thereto were referred by the court to a referee to take evidence and report, and the referee, after taking evidence, reported in favor of the discharge. On further opposition and hearing, the matter coming finally before the court, the following order was entered by the judge:

### Order of the Court.

After hearing the arguments of counsel, reading and considering the complete and learned report of Hon. Max Isaac, special master, and the exceptions thereto, and the record in the cause, it is, upon consideration adjudged and decreed that the findings of the master are in all respects in accordance with the law, and his conclusions are affirmed, and his report is adopted as the opinion, conclusions, and judgment of the court. It is further ordered, adjudged, and decreed that Max Isaac, special master, be and he is hereby allowed the sum of $50 for his services as special master in this reference. Let said sum, together with all court costs occasioned because of said objection, be taxed by the clerk against the objecting creditors; i. e., Ragan, Malone & Co.

This September 10, 1910.

An appeal having been taken from this order, the same was dismissed, because no final decree of discharge had been entered. See

Ragan, Malone & Co. v. Cotton & Preston, 195 Fed. 69. Thereafter on May 23, 1912, a final decree was entered granting a discharge to Cotton & Preston as a firm and to E. S. Cotton and F. F. Preston as individuals. From this decree this appeal is prosecuted.

Victor Lamar Smith, of Atlanta, Ga., for appellant.

L. E. Heath, of Douglas, Ga., for appellees.

Before PARDEE, Circuit Judge, and NEWMAN and MEEK, District Judges.

PARDEE, Circuit Judge (after stating the facts as above). The evidence taken before the referee shows without substantial dispute or doubt that Preston, for the firm of Cotton & Preston, made the statement in writing as alleged in the opposition of Ragan, Malone & Co.; that it was made for the purpose of obtaining credit and continuing credit for the firm of Cotton & Preston; that credit was obtained thereon at various dates up to March 6, 1908; that the said statement was false as a whole, and materially false in respect to the amount of capital of the firm at the commencement of business and as to liabilities generally and particularly as to indebtedness to Mrs. Cotton, the wife of the senior member of the firm. The referee who heard the matter seems to have tried the case largely on demurrers, general and special, to the objections urged against the discharge, and, after much discussion of matters of evidence and law, his report concludes as follows:

I conclude that the third ground of the bankrupts' special demurrer, which raised the point that this statement could not be made the basis of the credit for the particular goods for which the bankrupts are now indebted to the objectors, should be sustained. The uncontradicted evidence being that the goods were obtained from six to nine months prior to the filing of the petition in bankruptcy, on a statement made a year and six months before the filing of the petition in bankruptcy I conclude that these are not such goods as were obtained on a false statement in writing such as is contemplated by section 14b (3) of the Bankruptcy Act [Act June 25, 1910, c. 412, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496)]. The only remaining charge against the bankrupts being founded purely on a difference of opinion as to the value of the merchandise comprising the capital with which this firm began business, I do not think that this is such a material discrepancy as would justify this court in declining to grant a discharge to these bankrupts.

The special master ascertains from the record before him that these bankrupts were allowed an exemption by the trustee, to which Ragan, Malone & Co. filed their exceptions, which were overruled, and the exemption allowed. An appeal was taken as to this decision to the referee, and the District Judge has affirmed the decision on the homestead matter. Ragan, Malone & Co. then filed their intervening petition to recover certain goods found in the possession of the bankrupts, alleging that they were obtained by fraud; the identical statement herein involved being used as a basis for the claim of fraud. This intervening petition was denied by the referee, to which decision an appeal was entered to the District Judge, and the decision of the referee has also been sustained. Criminal proceedings have also been brought in the criminal court in the city court of Atlanta against F. F. Preston, and charges are now pending against him there, and it appears on the very statement involved here. The bankrupts have filed their applications for discharge, and Ragan, Malone & Co. are found opposing their applications. While every legal advantage should be taken by the creditor to

bring his guilty debtor to justice, the special master cannot refrain from expressing the opinion that this case has assumed more the attitude of oppression than of a just prosecution.

I therefore recommend that the objections filed by Ragan, Malone & Co. to the application of these bankrupts for their discharge should be overruled and dismissed.

[1] There is considerable discussion in the briefs as to the effect, legal and moral, of the declaration in the first paragraph of the statement made by Preston, to wit:

"This statement shall be binding for each purchase now or hereafter made, unless changed by written authority from the undersigned."

And it is argued that, as the bankrupts before adjudication had paid for the first purchase of goods obtained under the statement, Ragan, Malone & Co. had no right to rely upon it as a basis of credit for any subsequent purchase. The account of Ragan, Malone & Co. with the bankrupts appears to be a running account, covering purchases from time to time for a little over one year, on which the credits made at no time left the account fully paid up, so that it is only an assumption, depending upon the correct imputation of payments, to say that the first purchase was ever fully paid for. But, be that as it may, the parties agreed that the statement should be binding for continuous credit. The evidence is that it was relied upon by the creditors in the subsequent credits, as well as in the first, and we know of no reason to go behind the agreement.

The other matters mentioned by the referee as reasons for the recommendation can have no effect as against the clear language of clause 3 (b), § 14, of the Bankruptcy Act, as follows:

"(3) Obtain money or property on credit upon a materially false statement in writing made by him to any person or representative for the purpose of obtaining credit from such person."

The statement to Ragan, Malone & Co. was made by Preston to obtain credit from them, and, being materially false, must be taken as barring his discharge.

[2] The evidence shows that Cotton, the other partner, had nothing to do with making the statement, and does not show that he authorized it, or ever ordered goods upon the strength of it. Under the decision of this court in Hardie v. Swafford Bros. & Co., 165 F. 588, 91 C. C. A. 426, 20 L. R. A. (N. S.) 785, the judge a quo was authorized to grant the discharge to Cotton. The statement of Preston was made for the firm, and the firm had the benefit thereof, and we think it clear that the firm is not entitled to a discharge.

The decree of the District Court, rendered on the 23d day of May, 1912, and the preliminary decree of September 30, 1910, are reversed, and the cause is remanded, with instructions to grant a discharge to E. S. Cotton individually and as a member of the firm of Cotton & Preston, and otherwise to dismiss the application of F. F. Preston and Cotton & Preston for a discharge.