RAUCH v. MANCHESTER-SMITH CO., Inc.

(Circuit Court of Appeals, Fourth Circuit.   March 7, 1917.)

No. 1484.

BANKRUPTCY ⬯407(5)—DENIAL OF DISCHARGE—GROUNDS—CREDIT BY FALSE STATEMENT.

> A letter by the bankrupt to a creditor, written five months before bankruptcy, in which he stated that he was perfectly solvent, but that the extra dullness of business had put him behind, in fact there had been no business at all, and added that he was not in need of the goods previously ordered just then, and the creditor could hold them for a while, is not ground for denying discharge to the bankrupt, under Bankr. Act July 1, 1898, c. 541, § 14b, cl. 3, 30 Stat. 550 (Comp. St. 1913, § 9598), authorizing discharge unless the bankrupt has obtained money or property on credit upon a materially false statement in writing, made for the purpose of obtaining credit, even though the bankrupt was actually insolvent when he wrote the letter, since it clearly shows that it was not written for the purpose of obtaining credit, and stated facts which qualified the statement that he was solvent, and especially if the creditor did not attempt to prove that it parted with its property on the faith of the letter.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Charles A. Woods, Judge.

In the matter of Dave Rauch, bankrupt. From a decree of the District Court, sustaining objections by the Manchester-Smith Company, Incorporated, to the bankrupt's discharge, the bankrupt appeals. Reversed.

See, also, 226 Fed. 982.

J. L. Mitchell, of Norfolk, Va. (Levy & Mitchell, of Norfolk, Va., on the brief), for appellant.

Alfred Anderson, of Norfolk, Va., for appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and DAYTON, District Judge.

KNAPP, Circuit Judge. The objections to the bankrupt's discharge, which were sustained by the court below, are based upon a letter written by him to the objecting creditor, in October, 1914, in which he said:

"I am in receipt of your kind letter of the 3d, and appreciate all you say, the leniency you have extended me, etc. In reply will say that while I haven't a

statement of my financial condition, as we have not taken inventory in some time, can only say I am perfectly solvent, but the extreme dullness of business has put me behind such as I have never been before. One can hardly realize how conditions are here; in fact, there has been no business hardly at all, and for that reason I have been so pushed. Have just gotten possession of a bankrupt stock, and, while I haven't done anything yet, I expect to realize some money out of it. In regard to the order I gave, am not in need of the goods now, and you can just hold same for a while yet, and in the meantime I am looking for things to open up."

The falsity of his statement that he was "perfectly solvent" is shown, as the appellee contends, by his alleged admission, when first examined in the bankruptcy proceedings, that he had been insolvent from the beginning of the year 1914. Shortly after receipt of above letter, the creditor shipped to Rauch the merchandise referred to as "the order I gave," which he says was about the previous June.

The schedules filed with the bankrupt's petition in March, 1915, show debts of nearly $13,000, and assets under $8,700, including property claimed to be exempt; and the amount realized by the trustee was insufficient to pay the landlord's claim for rent. From this it is argued that Rauch's application should be denied, under section 14, subsection b, clause 3, of the Bankruptcy Act, which provides for a discharge unless the bankrupt has—

"(3) Obtained money or property on credit upon a materially false statement in writing, made by him to any person or representative for the purpose of obtaining credit from such person."

Does this exception cover the case here presented? We are of opinion that it does not. Even if it be conceded that Rauch admitted in April, 1915, that he was insolvent for nearly a year before he wrote the letter in question, although he stoutly denies it and the contrary proof is by no means convincing, nevertheless the letter itself seems clearly to refute the idea that it was written *for the purpose* of obtaining credit. All the statements of the letter must be taken together, and the intent of the writer inferred from its entire contents. Thus considered, there appears no indication of a fraudulent attempt to get goods on trust that he could not expect to pay for. True, he says that he is "perfectly solvent"; but this is followed with an account of his condition, which shows on its face that he was badly embarrassed and doing little or no business. And then he virtually countermands the order, at least for the time being, by adding, "am not in need of the goods now, and you can just hold same for a while yet, and in the meantime I am looking for things to open up." Surely this letter, taken as a whole, fails to sustain the charge of deliberate and purposeful deception. Not only is there no definite representation as to assets or debts, or anything else, but the general assertion of solvency is so qualified by succeeding statements as to deprive it of any seriously misleading import. In short, we think the letter furnishes no evidence of that dishonest purpose to obtain credit which the law declares shall operate to prevent a discharge. Franklin v. Monning Dry Goods Co., 217 Fed. 929, 133 C. C. A. 601; Peck v. Lowenbein, 178 Fed. 178, 101 C. C. A. 498; In re Cloutier Bros. (D. C.) 228 Fed. 569;

Doyle v. First Nat. Bank of Baltimore, 231 Fed. 649, 145 C. C. A. 535.

Moreover, the record does not show that appellee proved, or even attempted to prove, that it parted with its property on the faith of Rauch's letter and in reliance upon his statement that he was perfectly solvent, and certainly no presumption that such was the case arises from the facts now disclosed.

The decree must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed.