### In re MALOOF.

(District Court, N. D. Georgia, E. D. November 13, 1924.)

#### No. 1210.

**1. Bankruptcy ⚖️408(5)—Discharge not barred by false statement by agent.**

The claim of a creditor from whom goods were obtained on credit by means of a false statement made by an authorized agent of bankrupt is not affected by a discharge under Bankruptcy Act, § 17(2) being Comp. St. § 9601 (2), though the statement was made without the authority or knowledge of bankrupt; but such statement will not bar a discharge.

**2. Bankruptcy ⚖️408(5)—"False statement," to bar discharge, must be personal act of bankrupt.**

A "false statement," which will bar a discharge under Bankruptcy Act, § 14b (3), as amended (Comp. St. § 9598 [b (3)]), must have been the personal act of bankrupt himself, if a natural person.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Statement.]

In Bankruptcy. In the matter of Mrs. Dora Maloof, bankrupt. On application for and objections to discharge. Discharge granted.

Bond & McClure, of Toccoa, Ga., for bankrupt.

R. L. J. & S. J. Smith, of Commerce, Ga., and Little, Powell, Smith & Goldstein, of Atlanta, Ga., for creditors.

SIBLEY, District Judge. The special master reports that the alleged false statement of assets and liabilities on which goods were obtained from Daniel Miller Company was not shown to be untrue. The falsity now principally urged is that more than $200 was owing for borrowed money, and proven notes amounting to several thousand dollars are pointed to. M. D. Maloof, in his testimony first says that the items of $200 for borrowed money and $8,200 for all liabilities were correct at the date of the statement. He also seems to say afterwards that named notes

for about $4,900 were for borrowed money, but in the very next question and answer, apparently in the same connection, he refers to goods bought, and the proofs of debt by the holders of these notes show that the consideration of each was merchandise. I do not think it clearly appears that the special master was in error in his finding of fact.

[1] But the matter is controlled to the same effect by a question of law. It clearly appears that the statement was made by the bookkeeper from the books, at the request of Maloof, the husband and manager of business for Mrs. Maloof, and both the making of it and its falsity, if false, were wholly unknown to, and not specially authorized by, her. Supposing the statement to be false, to the knowledge of Maloof, as respects the rights of Daniel Miller Company, which was deceived by it, Mrs. Maloof is bound by the acts of her agent in the transaction. Having acquired their goods, she cannot repudiate the means by which they were obtained. The debt is one for property obtained by fraud, and is not affected by a discharge in bankruptcy under section 17 (b) of the Bankruptcy Act (Comp. St. § 9601).

[2] But to deny her a discharge would be to extend the benefit to other creditors, who were not misled by the fraud, and who have no right to redress on account of it, and thus to inflict a punishment or penalty on Mrs. Maloof. Section 17 undertakes to do justice between the bankrupt and special creditors. Section 14 (Comp. St. § 9598), relating to bar of discharges, does justice between the bankrupt and the law, and the denial of a discharge thereunder is in the nature of a penalty on the bankrupt for conduct which is supposed to show him unworthy of the grace of a discharge. The acts which bar a discharge are in general the personal acts of the bankrupt and some of them crimes, and may not be committed by the unauthorized acts of agents.

This seems to be implied in the rulings in this Circuit as to the fraudulent act of a copartner not prejudicing an innocent member of the firm as respects the latter's discharge. Hardie v. Swafford Trust Co., 165 F. 588, 91 C. C. A. 426, 20 L. R. A. (N. S.) 785; Re Cotton & Preston (D. C.) 183 F. 181; Regan-Malone Co. v. Cotton & Preston, 200 F. 546, 118 C. C. A. 640; Franklin v. Monning Dry Goods Co., 217 F. 929, 133 C. C. A. 601. These cases were decided without reference to the amendment of 1910 touching false statements as a ground for refusing a discharge. That amendment made it quite clear that the false statement must be the personal act of the bankrupt himself, though it might be made to an agent of the creditor, for the amendment added the italicized words to make section 14b (3) read "obtain money or property on credit upon a materially false statement in writing, made *by him* to any person or *his representative* for the purpose of obtaining credit," etc. Since a corporation can act only by an agent, it may be fully bound for the moral quality of its agent's fraudulent act in obtaining credit, and a natural person should be bound by any such act directly authorized or connived at and thus adopted. But a general discharge is not forfeited by a natural person through a wholly unauthorized and unknown fraud of an agent in buying goods. Frank v. Michigan Paper Co., 179 F. 776, 103 C. C. A. 268, 30 L. R. A. (N. S.) 623.

The mere unexplained shrinkage of assets during six months preceding a bankruptcy might be enough to defeat a homestead, but is not sufficient to show a concealment of property from the trustee in bar of a discharge. The special master's conclusion is affirmed, and the discharge ordered.