**WEINBERG et al. v. AMERICAN SHOE CO. et al.**

**AMERICAN SHOE CO. et al. v. NERENBAUM.**

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

No. 4886.

1. **Bankruptcy** ⚖️407(5)—**Partners' signing and transmission of false financial statement to mercantile agency held to prevent their discharge (Bankruptcy Act, § 14b [3], being Comp. St. § 9598).**

Under Bankruptcy Act, § 14b (3), being Comp. St. § 9598, partner who signed false financial statement and partner who wrote letter transmitting it to mercantile agency *held* not entitled to discharge, though statement was prepared by one employed for that purpose, in view of facts showing knowledge of falsity.

2. **Bankruptcy** ⚖️407(5).

Partner, whose connection with false financial statement given out by his partners was not shown, *held*, under Bankruptcy Act, § 14b (3), being Comp. St. § 9598, entitled to discharge, notwithstanding such statement.

Appeals and Cross-Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the bankruptcy of J. H. Weinberg, Ike Nerenbaum, and Sol Levin, copartners. From an order granting discharge of Ike Nerenbaum over objection of the American Shoe Company and others, creditors, but denying discharge of Weinberg and Levin, Weinberg and Levin appeal, and the American Shoe Company and others cross-appeal. Affirmed.

Clarence H. Calhoun, of Atlanta, Ga. (Wm. J. Davis, Jr., and Dillon, Calhoun & Dillon, all of Atlanta, Ga., on the brief), for Weinberg, Levin, and Nerenbaum.

Walter C. Hendrix and William F. Buchanan, both of Atlanta, Ga., for American Shoe Co. and others.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. [1] Appellants and cross-appellee were partners in the shoe business in Atlanta, trading under the firm name of Dunlap Shoe Stores Company. They operated three stores under different names, each store being in charge of one of the partners. In January, 1925, they were adjudicated bankrupts in an involuntary proceeding, and in due course they applied for discharges. Opposition was made thereto by various creditors, constituting the appellees and cross-appellants, on the sole ground that they had obtained property on credit upon a materially false statement in writing, in violation of section 14b (3), National Bankruptcy Act (Comp. St. § 9598). The matter was referred to a master, and he recommended a denial of discharges as to all the partners. On a hearing before the court, while his finding was approved as to appellants, and discharges refused them, objections were sustained to the report as to cross-appellee, and his discharge was granted. To reverse these judgments, this appeal and cross-appeal are prosecuted.

The material facts appearing in the record, which are undisputed, are substantially these: In February, 1924, the firm received requests for financial statements from the Credit Clearing House and the Shoe & Leather Mercantile Agency, in response to which requests statements were sent. Weinberg made up the statement, which was the basis for the objections to the discharges, from a trial balance prepared by one Winston. Winston was not a regular employee of the firm, and he testified in substance regarding his connection with the statement, that Weinberg stopped him on the street and said he would like to get a superficial statement of their affairs. He prepared a balance sheet from the books for Weinberg, but devoted very little time to the proposition, and could not say it was correct, as the books were badly kept. Weinberg signed the financial statement, and Levin wrote a letter transmitting it to the Shoe & Leather Mercantile Agency.

The statement was materially false in at least two particulars. It showed some $8,900 due for merchandise bought on open accounts, which should have been a little over $13,000, and showed loans from banks, friends, and relatives to be $13,000, when this item should have been $21,850. The $13,000 was in fact due to a bank, but in addition there was $8,850 of loans due to friends and relatives. Business had been bad with the firm for some time. They were suffering heavy losses on the sale of ladies' shoes, and they were having difficulty in meeting their payments. The Mercantile Agency transmitted copies of the statement to the various objecting creditors, and additional credit was granted to the firm, based thereon.

It is not shown that Nerenbaum ever saw or had anything to do with the making or transmitting of the statement. It is contended on behalf of appellants that Weinberg and Levin are not chargeable with knowledge of the falsity of the statements, that neither of them made it, and that they

relied upon Winston for its correctness, and now seek to bring themselves within the doctrine announced by this court in Hardie v. Swafford Bros., 165 F. 588, 91 C. C. A. 426, 20 L. R. A. (N. S.) 785, and other cases of similar tenor.

We think the cases cited by appellants are clearly distinguishable from the case at bar as to the facts. In this case there could be no reasonable doubt that both Weinstein and Levin knew the statements to be false, at least to the extent of the item of borrowed money. It is not conceivable that either partner could be ignorant of the fact that they had one loan with the bank of the amount shown, and other loans of so large an amount as $8,550 from friends and relatives. The fact that the business was in bad shape and that they were hopefully continuing it would lend color to the conclusion that they hoped to obtain additional credit for salable goods, and were content to suppress information regarding these loans, as it was not likely their existence could be discovered by creditors through the usual sources. The fact that Winston was specially employed to make a superficial statement of their affairs, which could have been made just as well by Weinberg, tends to throw suspicion at least on their good faith. [2] In regard to Nerenbaum, there is nothing shown to connect him with the statement. He comes squarely under the ruling of Hardie v. Swafford Bros., supra.

On the facts in the record we agree with the conclusion of the District Court.

Affirmed.