## SHARCOFF v. SCHIEFFELIN & CO.
No. 364.

Circuit Court of Appeals, Second Circuit.
April 30, 1934.

Julius S. Smith, of New York City (Walter B. Milkman, of Brooklyn, N. Y., of counsel), for appellant.

N. William Welling, of New York City, for objectant-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant, Charles Sharcoff, was adjudicated a bankrupt on his voluntary petition by the District Court for the Southern District of New York on February 1, 1933. When he applied for his discharge, a creditor filed specifications of objections. They were either waived or decided adversely to the objecting creditor except the fourth, which charged the bankrupt with having "made false oaths and account in and in relation to the proceedings herein." The creditor did not appeal, but the bankrupt did appeal when the fourth objection was sustained and his discharge denied.

As pointed out by the special master, the specification is defective, but, as no objection on that ground was made, it will be considered on the merits. In re Applebaum (C. C. A.) 11 F.(2d) 685.

The proof shows that the bankrupt was a druggist. He borrowed $3,000 of his brother to put his store in suitable condition, and upon his own insistence gave his brother a chattel mortgage on a part of the fixtures as security. No interest on this loan was expected by the brother or paid by the bankrupt. On August 4, 1932, the bankrupt sold his business, and the brother then discharged his mortgage and was paid $1,500 of the loan. The remainder was to be paid whenever the bankrupt could do it, and in the meantime the brother would not press him for payment. When the bankrupt filed his schedules, he did not include his brother as a creditor, and it is the oath he took in verification of those schedules which is now relied on by the objecting creditor. The bankrupt testified that he knew he owed his brother when he made out his schedules and intended to pay him some time. He further testified that he thought he was to list only his merchandise creditors, and that he left his brother out because he did not consider him a creditor. There was no contradiction of this evidence. It affords a reasonable explanation of the bankrupt's failure to schedule his brother as a creditor by showing that he did not believe him to be in the category of merchandise creditors which he understood were the only ones to be scheduled.

The element of fraudulent intent was not shown. Though the bankrupt was mistaken in believing that the debt he owed his brother was not in the same class with the others and not to be included in his schedules, his failure to list it was due to his own ignorance. The false oath which will bar a discharge must be knowingly and fraudulently made. Section 29b (2) and section 14b of the Bankruptcy Act, 11 USCA §§ 52 (b) (2), 32 (b). See, also, Kentucky National Bank v. Carley (C. C. A.) 127 F. 686; In re Slocum (C. C. A.) 22 F.(2d) 282. For these reasons we think the order denying the discharge was erroneous.

Order reversed, with directions to grant the discharge.