## In re LOVICH et al.
### No. 37985.

District Court, E. D. New York.
June 28, 1940.

Kupfer & Levine, of New York City, for bankrupts.

Henry Braverman, of New York City, for trustee.

MOSCOWITZ, District Judge.

The bankrupts seek to review the determination of the referee in denying their discharge in bankruptcy.

There were two specifications of objections. The first one, which was sustained by the referee, charged that the bankrupts on December 1, 1939, made a false answer to the question numbered 3–A of the statement of affairs in that they said that no financial statement had been given, whereas in truth and fact such statement was given on October 20, 1938. The second specification, which was overruled by the referee, charged that a false financial statement had been issued on October 20, 1938, to Dun & Bradstreet, Inc.

The bankrupts admit that the answer in the statement of affairs to the effect that no financial statement had been given was false. It is their claim that the financial statement was signed by Boris Lovich, who was the manager of the bankrupts' business and the husband of Bertha Lovich, one of the bankrupts. The bankrupts claim that, when the statement of affairs was prepared, Boris Lovich informed them that no financial statement had been made and that, in reliance upon the representation of Boris Lovich, they swore in the statement of affairs that no financial statement had been issued.

I am in quite accord with the following conclusion reached by the referee: "The statement of affairs is a new process or instrument provided for bankruptcy administration since the enactment of the Chandler Act [52 Stat. 840, 11 U.S.C.A. § 1 et seq.], its purpose is to furnish creditors with more exact and detailed information about the affairs of bankrupts than was previously set forth in schedules. Now, if these statements of affairs, duly verified, are to be lightly passed over and are to be regarded as reasonably informal, the testimony and statements of the bankrupts here and Boris Lovich are to be accepted and they are to be excused from being held responsible, when it comes to this charge for the falsity of the statement, but I am not of that opinion. I think that the statement of affairs is to be regarded as a very solemn and a very important part of a bankruptcy proceeding, as to the execution and after use thereof. If these bankrupts are to be excused from responsibility for the statement that there were no financial statements given, when there were, why we might just as well dispense with the statement of affairs, as an unnecessary and superfluous part of bankruptcy administration; therefore, without imputing any intent to deceive creditors or any fraudulent purpose on their part, I feel obliged to find that this objection is sustained."

The referee could have sustained the first objection upon the ground that a sufficient investigation was not made by the bankrupts to determine whether or not a financial statement had been made. A statement was filed in Dun & Bradstreet, Inc., a well-known firm, and this information concerning the financial statement was readily obtainable by the bankrupts.

The second objection could have been sustained. The financial statement was false in the three respects mentioned in the referee's opinion. The liabilities were $7,658 for unpaid merchandise instead of $3,500 as stated in the financial statement; the financial statement shows no loans, whereas the bankrupts received a loan of $1,000; the net worth in the financial statement is $6,700, the books showed an actual net worth of $231. Boris Lovich signed the financial statement.

It matters not that Boris Lovich failed to consult the books and records of the bankrupts prior to signing the financial statement, he was under a duty to see that the financial statement was accurate. It was made to Dun & Bradstreet, Inc., and he knew that it would be furnished to the subscribers of Dun & Bradstreet, Inc.

Bankrupts cannot escape responsibility for false financial statements upon the ground that they or their representative did not consult their books and records. They are bound by their financial statement and are held to strict accountability.

The bankrupts have failed to meet the burden that they have complied with the bankruptcy law and are entitled to their discharge.