In re LOVICH et al.

No. 184.

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1941.

Kupfer & Levine, of New York City, for appellants.

Henry Braverman, of New York City, for trustee, appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The ground upon which the bankrupts were denied their discharge was the commission of "an offense punishable by imprisonment as provided under this Act [title]." 11 U.S.C.A. § 32, sub. c(1). They were found to have committed the offense "of having knowingly and fraudulently * * * made a false oath * * * in relation to any proceeding under this Act [title]." 11 U.S.C.A. § 52, sub. b(2). This finding rests upon the following undisputed facts: The bankrupts were two married women who engaged in business as partners under the name of Interstate Drug Co. The business was managed by Boris Lovich, the husband of one partner and brother of the other. In October 1938 he signed and delivered to a representative of Dun & Bradstreet, a financial statement of the partnership business. The issuing of such a statement was within the manager's authority, but neither partner ever knew of the statement, nor did the books or records of the partnership contain any mention of it. When the bankrupts came to prepare the "statement of affairs" required to be filed by section 7, sub. a(1), 11 U.S.C.A. § 25, sub. a(1), Mrs. Lovich was told by her husband that no financial statement had been issued within the two years immediately preceding the filing of the petition in bankruptcy. She so stated in the statement of affairs to which she made oath on behalf of herself and her partner. This is the false oath relied upon as the ground for refusing the bankrupts their discharge.

Concededly Mrs. Lovich swore to a statement that was false; but it is equally undisputed that she believed it to be true. In holding that her good faith was no excuse the District Court adopted the language of the referee's opinion, 34 F.Supp. 85, 86: "If these bankrupts are to be excused for responsibility for the statement that there were no financial statements given, when there were, why we might just as well dispense with the statement of affairs, as an unnecessary and superfluous part of bankruptcy administration; therefore, without imputing any intent to deceive creditors or any fraudulent purpose on their part, I feel obliged to find that this objection is sustained."

This was error. However desirable it may be to assure accuracy in the statement of affairs which the recent amendment requires, the courts may not penalize inaccuracies therein by denial of a discharge unless the statute itself so authorizes. It does not. Not every false oath in relation

to a bankruptcy proceeding is made a criminal offense—only those that are "knowingly and fraudulently" given. It must be an intentional untruth with respect to a material matter. Willoughby v. Jamison, 8 Cir., 103 F.2d 821, 823; Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725, 726; In re Slocum, 2 Cir., 22 F.2d 282, 285; Humphries v. Nally, 5 Cir., 269 F. 607. Denial of the discharge on the ground of a false oath cannot be supported.

■ It is necessary, however, to consider whether it may be supported on the second ground of objection alleged by the trustee in bankruptcy. This was based on section 14, sub. c(3), 11 U.S.C.A. § 32, sub. c(3), which denies discharge to a bankrupt who has "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition." The referee dismissed this objection. The District Court, while stating that it could have been sustained, confirmed the referee's order denying the discharge only on the ground of a false oath. But an order on appeal may be supported on any ground which the record justifies. In re Schwartz, 2 Cir., 89 F.2d 172. We therefore proceed to a discussion of the second ground of objection.

■ If Boris Lovich were the bankrupt, we should not hesitate to deny him a discharge because of the financial statement. It was relied upon by a creditor, who obtained a copy of it from Dun & Bradstreet, in extending credit. It was proved false in three material respects: the merchandise liabilities were stated as $3,500 when they were in fact $7,658; it was stated there were no loans when in fact the bankrupts owed a loan of $1,000; the net worth was given as $6,700, and the actual net worth as shown by the books was $231. There can be no doubt that the false statements were material and that they were relied on in the granting of credit. The referee excused the bankrupts because of the casual way in which the statement was obtained by Dun & Bradstreet's representative who filled in figures given him by Boris Lovich in conversation and without any reference by the latter to the partnership books. Boris Lovich testified that he regarded all the figures as estimates, as the value of inventory was expressly stated to be. There was, however, nothing in the statement to indicate that the other figures were estimates; they purported to be actual figures. While there are decisions to the effect that a false statement, which can serve as ground for denial of a discharge, must have been knowingly made with intent to deceive, it is also established that a false statement made recklessly without any attempt to ascertain the facts and without any basis for an honest belief in its truth may bar a discharge under section 14, sub. c(3). Morimura, Arai & Co. v. Taback, 279 U.S. 24, 33, 49 S.Ct. 212, 73 L.Ed. 586; In re Lessler, 2 Cir., 74 F.2d 249, 250; Woolen Corporation of America v. Gitnig, 3 Cir., 33 F.2d 259, 260. We believe that the circumstances under which Boris Lovich made the statement would justify the application of this principle, if he were the bankrupt; nevertheless it does not follow as of course that his conduct will bar the discharge of his employers, the bankrupts. As their authorized agent to manage the business, fraud on his part in obtaining credit for them may be imputed to them to affect their rights and obligations with respect to the person defrauded without necessarily affecting their privilege of a discharge under the Bankruptcy Act. Several cases have held that general principles of agency do not apply to require denial of a discharge where the false statement of his agent was not known to the bankrupt, or in any way acquiesced in by him. Hardie v. Swafford Bros. Dry Goods Co., 5 Cir., 165 F. 588, 20 L.R.A., N.S., 785; Weinberg v. American Shoe Co., 5 Cir., 15 F.2d 557; In re Maloof, D.C. N.D.Ga., 2 F.2d 373; In re Cazer, D.C. N.D.Iowa, 283 F. 852. Other cases contain language indicating a contrary rule. In re Schwartz & Co., D.C.S.D.N.Y., 201 F. 166, 168; In re Magness Bros., D.C. W.D.Ark., 5 F.Supp. 578, 580; In re Cloutier Bros., D.C.D.Me., 228 F. 569, 570. But in none of the latter group does it appear, as in the case at bar, that the bankrupts had no knowledge that a financial statement had been issued by their agent. The denial of a discharge to the present appellants must depend solely on the fact that they entrusted Boris Lovich with general authority to transact their business. No decision has been found which has actually gone to that extreme. In the case of In re Savarese, 2 Cir., 209 F. 830, this court was careful to point out at page 832 that the bankrupt should have known that the agent's statement was false. See also

In re Simon Weltman & Co., D.C.S.D.N. Y., 2 F.2d 759, 761, and compare In re Landersman, D.C.D.N.J., 239 F. 766, 769, where the question is discussed but not decided. On principle we think that more should be shown to justify withholding a discharge than that an agent made a fraudulent statement within the scope of a general authority to transact the bankrupt's business. A discharge is a privilege accorded to bankrupts by the statute unless they are chargeable with conduct showing some lack of personal business morality. Laying aside cases of corporate bankrupts, as to which no decision is now required, we believe that when a false statement is made by an agent, some additional facts must exist justifying an inference that the bankrupt knew of the statement and in some way acquiesced in it or failed to investigate its accuracy. No such inference is possible in the case at bar. Consequently the order is reversed with directions to grant the discharge.