In re PETERS.

No. 39542.

District Court, E. D. New York.

May 17, 1941.

Miles J. Goldberg, of Brooklyn, N. Y. (Samuel Masia, of New York City, of counsel), for objecting creditor.

Weisman, Celler, Quinn, Allan & Spett, of New York City (Maurice Knapp, of New York City, of counsel), for bankrupt.

MOSCOWITZ, District Judge.

The bankrupt by his petition seeks to review the order of the Referee denying his application for discharge and sustaining the third, fourth and sixth specifications of objection, which are as follows:

"3. Upon information and belief, that within twelve months next preceding the filing of the voluntary petition in bankruptcy, the bankrupt above named, made a transfer of property to hinder, delay and defraud his creditors, to wit: the transfer of an automobile owned by him, to one Muriel Burns, for either no consideration or for an entirely inadequate consideration.

"4. Upon information and belief, that within twelve months next preceding the filing of the voluntary petition in bankruptcy, the bankrupt above named, made a transfer of property to hinder, delay and defraud his creditors, to wit: the transfer of one diamond and sapphire ring to Maxwell Peters, for either no consideration or for an entirely inadequate consideration."

"6. Upon information and belief, the bankrupt knowingly and fraudulently made a false oath in his statement of affairs filed in connection with the bankrupt's property, in that in answer to the question as to whether or not he transferred any property within one year next preceding the filing of the petition, he answered: 'none', whereas in truth and in fact, he did transfer property, to wit: an automobile and a diamond and sapphire ring."

No exceptions were filed to the specifications. A hearing was had upon the merits. This constituted a waiver by the bankrupt as to the form of the specifications of objection. See In re Ulrich, D.C., 18 F. Supp. 919, affirmed, 2 Cir., 95 F.2d 1018; Nix v. Sternberg, 8 Cir., 38 F.2d 611.

It is the bankrupt's claim that the Referee's order should be reversed upon the ground that the Referee has not found that the bankrupt made a transfer of property "with intent to" hinder, delay and defraud his creditors.

The applicable portion of Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, relating to the question of discharge, is as follows:

"C. The court shall grant the discharge unless satisfied that the bankrupt has (1)

40

committed an offense punishable by imprisonment as provided under this Act [title]; or * * *

"(4) At any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; * * *".

■ The Referee should determine whether the transfer of property was made "with intent to" hinder, delay and defraud the bankrupt's creditors.

The sixth specification of objection relates to charges that the bankrupt knowingly and fraudulently made a false oath in his statement of affairs. This specification of objection has been sustained by the Referee. In discussing the sixth specification the Referee stated: "The sixth objection relates to the failure to list the transfer of the ring in the statement of affairs, where the automobile was likewise omitted. The only explanation of the bankrupt was that he did not realize the meaning or intent of the question in the statement of affairs calling for a listing of transfers, he did not think the sale of a second hand car to a young lady that he had known for a long time in charitable work or the sale of his ring to his brother was a transfer. That is unfortunate, but as I have held in a number of discharge proceedings, this statement of affairs is something which the Chandler Act provided for in the amendments of 1938, and it either is there to mean something or it is of the scrap of paper character, and the bankrupts must be held to strict responsibility for what they say in their statement of affairs, and the mere fact that the bankrupt did not understand the meaning of the words, while it is unfortunate, requires the sustaining of the objection. Objection sustained."

The Referee in his certificate of review states: "The question presented is whether the evidence is sufficient to support the finding of the Referee that the sale by the bankrupt of an automobile and ring owned by him constitutes a transfer of property in fraud of creditors and whether the bankrupt's failure to list the said transfer in Item 10 of his Statement of Affairs was knowingly and fraudulently made."

■ A statement of an untruth in the schedules or statement of affairs of the bankrupt unless made knowingly and fraudulently is not sufficient to deny a discharge. See Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725; Willoughby v. Jamison, 8 Cir., 103 F.2d 821; In re Hefner, D.C., 23 F. Supp. 521. The question involved herein has been recently decided by the Circuit Court of Appeals in the case of In re Lovich et al., 2 Cir., 117 F.2d 612, 613, in which the Court said:

"Concededly Mrs. Lovich swore to a statement that was false; but it is equally undisputed that she believed it to be true. In holding that her good faith was no excuse the District Court adopted the language of the referee's opinion, 34 F.Supp. 85, 86:

"'If these bankrupts are to be excused from responsibility for the statement that there were no financial statements given, when there were, why we might just as well dispense with the statement of affairs, as an unnecessary and superfluous part of bankruptcy administration; therefore, without imputing any intent to deceive creditors or any fraudulent purpose on their part, I feel obliged to find that this objection is sustained.'

"This was error. However desirable it may be to assure accuracy in the statement of affairs which the recent amendment requires, the courts may not penalize inaccuracies therein by denial of a discharge unless the statute itself so authorizes. It does not. Not every false oath in relation to a bankruptcy proceeding is made a criminal offense—only those that are 'knowingly and fraudulently' given. It must be an intentional untruth with respect to a material matter. Willoughby v. Jamison, 8 Cir., 103 F.2d 821, 823; Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725, 726; In re Slocum, 2 Cir., 22 F.2d 282, 285; Humphries v. Nalley, 5 Cir., 269 F. 607. Denial of the discharge on the ground of a false oath cannot be supported."

■ In order to sustain the sixth specification it is necessary that the Referee decide whether the statement of affairs was knowingly and fraudulently made. Had the Referee so found the Court would have sustained his decision as the evidence was sufficient.

■ The question relating to a bankrupt's discharge was considered in the case of In re Muss, 2 Cir., 100 F.2d 395, 396, and in Federal Provision Co. v. Ershowsky, 2 Cir., 94 F.2d 574. It is succinctly stated

by Judge Swan in In re Muss, supra [100 F.2d 396], in construing Section 14, sub. b, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32, sub. b, as follows: "By the proviso to said subsection (b) the burden is placed upon the bankrupt of proving that he has not committed any act barring his discharge, if the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that he has committed such act. Appellant contends that he has carried that burden."

The matter will be referred back to the Referee to determine, as to the third and fourth specifications of objection, whether the transfer of property was made "with intent to" hinder, delay and defraud the bankrupt's creditors; as to the sixth specification of objection, whether or not the false statement of affairs was knowingly and fraudulently made.

Settle order on notice.