**In re ANTHONY.**

**In re MONROE.**

Nos. 8077, 8080.

District Court, E. D. Illinois.

Dec. 15, 1941.

Grover C. Borders, of East St. Louis, Ill., for bankrupt Bennie Anthony.

Walter A. Kassly, of East St. Louis, Ill., for bankrupt Roscoe A. Monroe.

McCawley Baird, of East St. Louis, Ill., for creditor Personal Finance Co. of East St. Louis.

WHAM, District Judge.

Each of the above cases comes here upon the petition of the Personal Finance Company of East St. Louis, a creditor, for a review of an order of the referee in bankruptcy. In each the petitioner is a personal loan corporation and the bankrupt is a laborer with no assets beyond his exemptions. Because both cases present the same question they will be referred to as a single case. In due course of administration the referee gave statutory notice for filing objections to the discharge of the bankrupt. No specifications of objections were filed but within the period specified in the notice the petitioner filed its petition to have bankrupt's scheduled, provable debt to it declared non-dischargeable upon the ground that it represented a loan obtained from petitioner by bankrupt by a false financial statement in writing which was materially false within the meaning of the Bankruptcy Act and relied upon by the creditor. The bankrupt moved to dismiss said petition on the ground that there were no objections to the bankrupt's discharge and that the prayer of the petition sought a finding and decree outside the scope and jurisdiction of the bankruptcy court as conferred by the Bankruptcy Act.

The issues thus formulated were heard before the referee upon evidence and upon arguments and briefs of counsel. The referee held, in substance, that in absence of objections the bankrupt should be discharged and that since the Bankruptcy Act fails to make provision for a partial, conditional or exceptional discharge the petition of the Personal Finance Company to have the bankruptcy court declare non-dischargeable bankrupt's obligation to it should be denied. The Personal Finance Company seeks a review of that portion only of the referee's order which denies its petition to have its debt declared non-dischargeable.

That the question of bankruptcy procedure here involved might be clearly presented and the controversy finally disposed of upon petition for review the referee heard the evidence and, in effect, found from the evidence that the bankrupt did procure its loan from the petitioner upon material misrepresentations in writing upon which the petitioner relied. The basis of the referee's denial of the creditors said petition is, in substance, that the Bankruptcy Act makes no provision for an adjudication by the bankruptcy court of the effect of its order of discharge upon a particular debt upon petition of a creditor and that any jurisdiction which the court may have to make such adjudication should be exercised only under exceptional circumstances not here present. The petitioner's contentions are (1) that the bankruptcy court has jurisdiction to entertain creditor's said petition and to adjudicate the issues therein presented; (2) that the adjudication of said issues is essential to a determination of the effect of the court's order discharging the bankrupt and to its proper enforcement; (3) that a court in bankruptcy, being a court in equity, once having acquired jurisdiction in a bankruptcy case will continue to exercise that jurisdiction until all matters in controversy relating to bankrupt's obligations have been determined.

Petitioner concedes that the practice it seeks to persuade the court to follow is novel and not specifically provided for in the statute. It asserts, however, that the practice finds statutory support in section 2, sub. a(15), and section 2, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 11, subs. a(15), b. Section 2, sub. a(15), invests bankruptcy courts with jurisdiction to make such orders and perform such other judicial function in addition to those specifically enumerated as may be necessary for the enforcement of provisions of the Act. Section 2, sub. b, provides that nothing in the section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not enumerated.

■ Under the practice generally recognized and followed, whenever a creditor has sought to ascertain the effect of a bankrupt's discharge upon a particular debt he has done so in plenary action brought by him to enforce his debt against the discharged bankrupt. Such actions have been prosecuted in courts other than the bankruptcy courts. An essential part of the trial of such actions has been a determination of the effect of the discharge when plead by the bankrupt as an affirmative defense. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a discharge in bankruptcy shall be set forth as an affirmative defense. State procedure is generally, if not universally, in accord.

The provisions of the Act which are principally involved here are found in sections 14 and 17, 11 U.S.C.A. §§ 32, 35. Section 14 provides that the adjudication of an individual shall operate as an application for a discharge and that after statutory notice following the examination of the bankrupt, unless the bankrupt shall waive in writing his right to a discharge, the court shall discharge the bankrupt if no objection has been filed, but if within such time objections be filed by any party qualified under the Act the court shall hear the proofs and pleas in opposition to the discharge at a time that will give the objecting parties and the bankrupt reasonable opportunities to be heard. The section then provides that the bankrupt shall be discharged unless the court is satisfied that the bankrupt has been guilty of one or more of a number of acts or omissions specified as grounds for denial of a discharge.

■ Section 17 provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except those debts which fall within the classifications set forth in clauses numbered from one to six in said section. Whether or not a debt falls within any of the exceptions embodies questions of fact, as well as a question of law. Neither in this section nor in the Act is there a provision that the bankruptcy court shall determine the effect of the discharge as applied to a particular debt nor is there provision for a judgment in the bankruptcy court against the bankrupt upon a debt from which the bankrupt is not released by discharge by reason of the provision of section 17. The propriety of the court's entertainment or refusal to entertain the creditor's petition to have bankrupt's debt to him declared non-dischargeable under section 17 must be gathered from the implications of the Act.

■■ In view of the specific provisions that a discharge shall be limited or partial

as a matter of law whenever any of the debts of the bankrupt are of the kind or character excepted in section 17 it would seem to be inconsequential, so far as the other creditors are concerned, whether the bankruptcy court or some other court determines the effect of section 17 upon the bankrupt's debt to a given creditor. Nothing in section 17 or elsewhere in the Act requires a creditor holding a debt which is excepted from the release of the discharge by the provisions of section 17, in order to secure the benefit of such exception, to object to the discharge of the bankrupt under section 14. If the interests of general creditors require the bankrupt's application for discharge to be opposed the trustee who represents all the creditors has that right and duty. Section 14, sub. b. If the court feels that the searchlight of investigation should be thrown upon the conduct of the bankrupt and his right to a discharge, the court may request the United States Attorney, or a special attorney designated by the Attorney General to make such investigation. In such case the statute makes it the duty of the United States Attorney or such special attorney, if probable grounds seem to exist for the denial of the discharge, to oppose the bankrupt's discharge. Section 14, sub. d. A creditor who believes he has a non-dischargeable debt under section 17 may but is not required to oppose the discharge. Whether or not he opposes the discharge he is entitled to the benefit of section 17, if he comes within the exceptions therein set forth. Nevertheless, as a matter of procedure, for reasons stated elsewhere, unless under exceptional circumstances which do not appear here, if a creditor wishes to secure an order in bankruptcy court excluding his particular debt from the release of the discharge he must proceed under section 14 to oppose bankrupt's discharge in its entirety.

The questions here presented may be stated thus: (1) Does the bankruptcy court have jurisdiction to determine, upon petition of a creditor, whether or not the bankrupt's debt to said creditor is dischargeable under section 17? (2) If the court has the jurisdiction, must the court exercise it as a matter of judicial duty? (3) If the court has such jurisdiction but is not required to exercise it, as a judicial duty, is it proper that it should be exercised under the circumstances presented by the record here?

■ Because the creditor's petition brings into question the effect of the court's own order of discharge, as well as the proper construction and application of the statute, the conclusion that the subject matter is within the jurisdiction of the court would seem to be inescapable. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

■ Whether the jurisdiction of the court must or should be exercised depends upon the relation of the order being sought to the achievement of the purposes of the Act or the need for its exercise in order to do equity in situations growing out of the enforcement of the Act. In the absence of such relation or need it would seem that the court is under no compulsion or duty to exercise its jurisdiction. Nothing in section 2, sub. a(15) or in section 2, sub. b, relied upon by petitioner, compels a different conclusion.

■■ The Bankruptcy Act, aside from the special provisions for extensions, compositions, arrangements and reorganization, has but two principal purposes. One purpose is to accomplish a liquidation and equal distribution of the non-exempt assets owned by the bankrupt at the time he files his petition among the bankrupt's creditors in accordance with their lawful rights. This purpose would not be advanced by entertaining the petition of a creditor to have his debt declared non-dischargeable under section 17 since any provable debt or part thereof, not paid by the application of bankruptcy dividends, from which the bankrupt is not released by his discharge, could be lawfully paid by the bankrupt or collected from him only from assets acquired by him subsequent to bankruptcy. With such assets the bankruptcy court has no concern unless incidentally in the vindication of its own orders or the policy of the Act.

The other purpose of the Act is to release the honest bankrupt from his provable debts, whether allowable in full or in part, except in so far as such debts may be excepted from the release of the discharge by the provisions of section 17. This purpose involves not only the private rights of the bankrupt but also a distinct public interest in "that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns *at the time of bankruptcy,* a new opportunity in life and a clear field for future effort, unhampered

by the pressure and discouragement of pre-existing debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L. Ed. 1230, 93 A.L.R. 195. It cannot be said, except by way of tenuous argument, that to entertain a creditor's petition to have bankrupt's debt to him declared non-dischargeable and thus foreclose the bankrupt from pleading his discharge as an affirmative defense would be in furtherance of this purpose. It has been in furtherance of this purpose that the bankruptcy court has oftimes interposed, upon petition of the bankrupt, to stay the hand of a creditor who sought wrongfully or by oppressive means to deprive the bankrupt of the lawful benefits of the Act or of the court's order of discharge. In Local Loan Co. v. Hunt, supra, the court looked upon bankrupt's petition for a stay against the creditor as a "supplemental and ancillary bill in equity, in aid of and to effectuate the adjudication and order made by the same court," and as such within the jurisdiction of the court "to secure or preserve the fruits and advantages of a judgment or decree rendered therein." The court said further, however, that though the court had jurisdiction to entertain the proceeding it was not bound to do so and clearly intimated that if in such proceeding it appeared that the bankrupt had a legal remedy adequate to protect his rights under the orders of court and within the meaning and policy of the Bankruptcy Act and to meet the requirements of justice the jurisdiction would not be exercised.

Normal procedure relative to the judicial determination of the effect of a discharge is stated in Collier on Bankruptcy, 14th Ed. Vol. 1, paragraph 17.28: "The question often arises as to what court determines whether or not a particular debt is released by a discharge, since the certificate of discharge itself is silent as to the liabilities affected. Normally the court in which a debt is proceeded upon is the proper forum to determine whether a discharge releases a particular debt. Under unusual circumstances, however, resort may be had to the bankruptcy court to enjoin the enforcement of a debt in order to vindicate a discharge which has been entered in the exercise of a jurisdiction which is essentially federal and exclusive in character."

Remington on Bankruptcy, 5th Ed., section 3438, states the rule as follows: "The effect of the discharge on the rights of the parties is in general to be determined when enforcement of the debt is attempted"; and in section 3439: "The decree of discharge should be general, and should not attempt to limit its own effect by excepting particular debts excepted by statute from the operation of the discharge; * * *"; and again in section 3440: "However, in general, the bankruptcy court in granting a discharge should not attempt to limit the effect of the discharge, the sole function of the court being to grant or refuse the discharge, the law itself then fixing the extent and effect of the discharge." Without entering upon a discussion of the unusual circumstances that have been recognized as requiring or justifying amendment of the official form of discharge so as to limit or particularize its effect, it is sufficient here to say that creditor's desire to have the effect of the discharge upon a particular debt to him declared has never been authoritatively regarded as such circumstance.

▆ In determining whether the court must or should exercise its aforesaid jurisdiction due weight must be given to the following considerations: The bankruptcy court can not afford the creditor complete relief but only partial relief at the best. It cannot carry through and render a judgment upon a creditor's unreleased claim upon which execution may issue against the bankrupt's after-acquired assets. To give such partial relief would in no measure serve to promote the purposes of the Act or the policy therein established. If it had been intended that the bankruptcy court must render such partial relief to a creditor under such circumstances the Act would have so provided and this it fails to do.

▆ Does the enforcement of the Bankruptcy Act place the creditor whose claim may be non-dischargeable in position that the court should entertain his petition to have his claim declared non-dischargeable in order to do equity? It would seem not. As shown above, the creditor is afforded complete relief in other forums and at the best he could be given but partial relief in the bankruptcy court. There seems to be no convincing reason for splitting the action or cause to believe that such procedure would necessarily be advantageous to the creditor. Such procedure, in the absence of a compelling reason for it as when necessary to vindicate the orders of the court, might well be disadvantageous

to the creditor or the bankrupt or both. As noticed in an earlier paragraph, the question as to whether the bankrupt is released from a particular provable debt by his discharge or whether that debt is excepted from the release by section 17 embodies issues of fact, as well as of law. For the bankruptcy court to compel either the bankrupt or the creditor to submit these disputed questions of fact to trial in a summary proceeding without express or clearly implied legislative authority for such procedure might well be considered an unjust deprivation of right of trial by jury. Surely, in the absence of exceptional circumstances, it should not be done.

In refusing to allow the petition of the Personal Finance Company the referee ruled correctly. The petition for review is denied and the order of the referee confirmed.