"Q. Mr. Barry, what is the size of your family? A. At the present time it is six children, my wife and myself.

**In re BARRY.**

No. 43815.

District Court, E. D. New York.

Oct. 2, 1943.

See, also, 52 F.Supp. 492.

Friedman & Friedman, of New York City, for bankrupt.

Henry W. Parker, of New York City, for objecting creditor.

MOSCOWITZ, District Judge.

The bankrupt seeks to review the order of the referee denying her discharge in bankruptcy.

The referee sustained specifications of objections 1, 2 and 3, which are as follows:

"First: That the bankrupt has committed a crime punishable by imprisonment under the Act by knowingly and fraudulently making a false oath in this her bankruptcy proceeding, in that in her oath to Schedule A of her schedules in bankruptcy on file herein she stated that such schedule was a statement of all her debts; whereas in truth and in fact it was not a schedule of all her debts, for the reason that she had omitted therefrom an indebtedness to the New York City Teachers Retirement System.

"Second: That the bankrupt has committed a crime punishable by imprisonment under the Bankruptcy Act [11 U.S.C.A. § 1 et seq.] by knowingly and fraudulently making a false oath in this her bankruptcy proceeding, in that in her verification to her statement of affairs on file herein she swore that the answers therein contained were true and complete; whereas the answers therein contained were neither true nor complete, in that in answer to question 9 of her statement of affairs she failed to list a repayment made to the New York City Teachers Retirement System on account of a loan made by her in September 1942.

"Third: That the bankrupt has committed a crime punishable by imprisonment under the Bankruptcy Act by knowingly and fraudulently making a false oath in this her bankruptcy proceeding, in that in her oath to Schedule B of her schedules in bankruptcy on file herein she swore that said schedule was a statement of all her property; whereas in truth and in fact it was not a schedule of all her property for the reason that she had omitted therefrom an interest in a pension fund in the New York City Teachers Retirement System."

The bankrupt is a school teacher, employed by the Board of Education of the City of New York, and has six small children (one newly born). Due to the fact that she was unable to satisfy creditors she filed a voluntary petition in bankruptcy. Her husband likewise filed a separate voluntary petition and he was adjudicated a bankrupt. In re Hugh J. Barry, D. C., 52 F.Supp. 492.

The court will pass by the inconsistencies of the specifications of objection except to point out that specification No. 1 is to the effect that the bankrupt failed to list the New York City Teachers Retirement System as one of her liabilities in Schedule A, and specification 3 that she failed to list New York City Teachers Retirement System as one of her assets in Schedule B.

While the specifications of objection allege that the omissions were knowingly and fraudulently made, the memorandum of objection by the referee does not go that far and such memorandum indicates that the referee has not found that they were knowingly and fraudulently made.

 Any interest in any funds that the bankrupt had in the New York City Teachers Retirement System was not an asset of the bankrupt's estate and the court

498

is bound by the State law with respect to exemptions. The New York State Education Law, Section 1109-*o*, states: "The right of a teacher to a pension, an annuity, or a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this article, and the moneys in the various funds created hereunder, are hereby exempt from any state or municipal tax, and shall not be subject to execution, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this article specifically provided."

■ Even though the bankrupt's estate was not entitled to any funds belonging to the bankrupt in the New York City Teachers Retirement System, nevertheless the bankrupt was required to properly list her interest in said fund in her schedules in bankruptcy and in her statement of affairs, and if she knowingly and fraudulently failed to do so, she is not entitled to a discharge in bankruptcy.

■ The more recent decisions are to the effect that there must be a full, complete and honest disclosure by a bankrupt to the court of all his assets, liabilities and business transactions. The creditors are entitled to be informed under oath by the bankrupt of the complete business affairs of a bankrupt, and if a bankrupt knowingly and fraudulently fails to make such disclosure, he is not entitled to be discharged of his obligations.

■ A referee's report upon the facts should not be lightly disturbed as he has had an opportunity to observe the witnesses and their manner of testifying, and the determination by a referee upon the facts should not be set aside unless it is clearly erroneous and against the weight of evidence.

■ The referee has not found that the information sought, which as in this case was of no great consequence, was knowingly and fraudulently omitted by the bankrupt from her schedules and statement of affairs.

The conclusion seems inescapable that the failure to furnish the information now complained of was not done knowingly, fraudulently, intentionally or maliciously. It was due solely to the bankrupt's ignorance, oversight or mistake.

■ The omission of assets in schedules of bankruptcy and in statement of affairs which is an innocent act, such as a mistake, oversight or ignorance, is not a bar to discharge. See In re Taub, 2 Cir., 98 F.2d 81; Willoughby v. Jamison, 8 Cir., 103 F.2d 821; Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725; In re Lovich, 2 Cir., 117 F.2d 612, 133 A.L.R. 673.

At the first meeting of creditors at which the bankrupt was examined she fully and fairly disclosed all the facts. The creditors and trustee could not have been deceived in this case. In any event it could have been of no great concern as any interest she had in the funds of the New York City Teachers Retirement System was exempt.

The bankrupt is entitled to her discharge. Settle order on notice.