**In re SCANDIFFIO.**

**No. 45148.**

District Court, E. D. New York. ·

Oct. 17, 1945.

Jack Pearl, of New York City, for bankrupt.

Patterson & Christ, of Hempstead, L. I., N. Y. (Harvey J. George, of Hempstead, L. I., N. Y., of counsel), for objecting creditor, Lush Pharmacy, Inc.

MOSCOWITZ, District Judge.

This application brings on for review the. order of the Referee denying a discharge to the bankrupt.

The Referee has found the facts to be as set forth in the sole specification of objection. During the years 1935 and 1936, the bankrupt was employed as a pharmacist and salesman by Lush Pharmacy, Inc., at its store in Hempstead, New York. Following detection by investigators, the bankrupt signed a written confession in which he admitted that during the course of his employment and in the fiduciary capacity his duties entailed, he had fraudulently misappropriated to his own use about $700 of funds belonging to the Lush Pharmacy, Inc. After making partial restitution, the bankrupt executed a demand note for the balance, upon which a judgment was recovered in 1940 in the sum of $602.85. In this voluntary bankruptcy proceeding, the bankrupt has scheduled among his unsecured creditors the claim of Lush Pharmacy, Inc., in the amount of $602.85. No other creditor has opposed the discharge and the above facts constitute the entire specification filed by Lush Pharmacy, Inc.

The Referee denied the discharge on the ground that the admitted facts bring this claim within the purview of Section 17 of the Bankruptcy Act which he states "fully deals with debts that are not dischargeable" and that a discharge could not "be accomplished either morally, legally or equitably". (Referee's decision dated February 16, 1945.)

Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, does not control the right

of a bankrupt to a discharge of dischargeable obligations; it merely enumerates classes of "debts not affected by a discharge" (Caption). Section 17 reads in part: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *."

Section 14, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, specifies the only grounds for denial of a discharge. It is therein provided that "The court shall grant the discharge unless satisfied that the bankrupt has * * *", which is followed by seven categories of conduct upon a finding of any one of which the court is authorized to deny a discharge. The specification filed by the objecting creditor herein does not allege that the bankrupt has done anything within the purview of the seven subdivisions of Section 14, sub. c, and in response to the Court's specific inquiry as to each upon the hearing, the attorney for Lush Pharmacy, Inc., stated that the bankrupt's conduct did not come under any of the enumerated classes.

 A bankrupt is required to file schedules containing a list of his creditors (Bankruptcy Act, Section 7(8), 11 U.S.C.A. § 25(8) and one to whom he owed an undischargeable debt is as much a creditor as is one whose claim may be discharged under the Act. In re Bernard, 2 Cir., 1922, 280 F. 715. By direction of the statute, the bankruptcy court is to grant a discharge unless there is a showing that the bankrupt has committed one of the acts specified in Section 14, sub. c. Willoughby v. Jamison, 8 Cir., 1939, 103 F.2d 821, certiorari denied 308 U.S. 588, ·60 S.Ct. 111, 84 L.Ed. 492; In re Masor, 7 Cir., 1941, 117 F.2d 368; In re Lovich, 2 Cir., 1941, 117 F.2d 612, 133 A.L.R. 673; In re Milne, D.C., N.J., 1941, 40 F.Supp. 89; In re Venturella, D.C.Conn.1938, 25 F.Supp. 332, affirmed 2 Cir., 1939, 102 F.2d 1022.

The right to a discharge and the effect of a discharge are two entirely distinct and different matters. Whether or not the discharge which is to be granted will be a bar to the enforcement of a claim which comes within the purview of Section 17 is to be decided at the time and in the proceeding in which that claim is sought to be enforced and is not the concern of the bankruptcy courts. In re Bernard, supra; Teubert v. Kessler, 3 Cir., 1924, 296 F. 472; In re Cosmopolitan Bond & Mortgage Co., 7 Cir., 1935, 79 F.2d 547, certiorari denied 296 U.S. 657, 56 S.Ct. 382, 80 L.Ed. 468; In re Andrews, D.C.Cal. 1930, 47 F.2d 949; In re Millkofsky, D.C. N.Y.1936, 17 F.Supp. 127; In re Sutton, D.C.N.Y.1937, 19 F.Supp. 892; In re Lowe, D.C.Ky.1941, 36 F.Supp. 772; In re Anthony, D.C.Ill.1941, 42 F.Supp. 312; see also this Court's opinions in Re McCarthy, 1942, 45 F.Supp. 323; Francine v. Babayan, 1942, 45 F.Supp. 321.

This Court is passing no judgment as to whether the debt to Lush Pharmacy, Inc., is dischargeable in fact or in law. Conduct which comes within Section 17 but not within Section 14 of the Bankruptcy Act is not a ground for denial of a discharge to the bankrupt from obligations which are dischargeable. The only objection filed herein raises no ground to justify a denial.

The decision of the Referee is reversed and the bankrupt is granted a discharge.

Settle order on notice.